B. F. HALCOMB ET AL. v. D. R. STUBBLEFIELD.

No. 2795.

1. **Measure of Damages—Execution.**—In a suit to recover damages for the wrongful seizure under execution of mill machinery which at the time of the seizure was in process of being put together for work, the plaintiff is entitled to recover the

value of the use of the mill for the period during which its operation was delayed by the seizure.   For facts see opinion.

2.   **Immaterial Error.**—Error committed by the court in permitting illegal evidence of fact which was otherwise established by competent testimony, can afford no ground for the reversal of a judgment.

APPEAL from Houston.   Tried below before Hon. F. A. Williams. The opinion states the case.

*A. A. Aldridge* and *J. R. Burnett,* for appellants. — 1. The verdict is unsupported by the evidence, in that there was no evidence of the value of the use of the machinery; and the verdict is clearly excessive, for under the uncontradicted evidence the actual damage sustained, if any, was but nominal, there being in fact no seizure of the machinery; and the court erred in admitting evidence of the daily value of the use of the mill.   6 Wait's Act. and Def., pp. 90, 98; Cool. on Torts, pp. 310, 436.

2.   The return was not conclusive in favor of appellee, who derived no right or benefit under it, and who was not a party to that record.   At most the return was but a mere admission of the sheriff and only prima facie evidence against him.   Besides, the formal levy on Gregg's interest being authorized by our statute, could not make the officer a trespasser. Rev. Stats., art. 2292; 1 Ct. App. C. C., sec. 1145; Abb. Trial Ev., p. 200; Baker v. McDuffie, 23 Wend., 291; Bullis v. Montgomery, 50 N. Y., 358; Boynton v. Willard, 10 Pick., 166; Root v. Railway, 15 N. E. Rep., 812.

*S. A. Denny* and *D. A. Nunn,* for appellee.

ACKER, PRESIDING JUDGE.—D. R. Stubblefield brought this suit on the 24th day of September, 1888, against B. F. Halcomb, sheriff, and the sureties on his official bond, to recover damages alleged to have been sustained by plaintiff by reason of the wrongful seizure of saw mill machinery under an execution against Collins and Gregg.   The plaintiff in the execution and surety on his indemnity bond to the sheriff made themselves parties defendant, and answered, denying the trespass alleged, and pleaded that the sheriff did not take actual possession of the machinery or disturb the possession of plaintiff, but only levied on the interest of Gregg in the machinery.   The trial was by a jury and resulted in a verdict and judgment for plaintiff for $250, from which this appeal is prosecuted.   The sheriff's return endorsed on the execution recited that he had seized and taken the machinery into his possession.

The machinery was not in operation; it was out of position, having been taken down, and was scattered around on the ground.   The sheriff testified that he went to where the machinery was, informed the men at work with it that he levied on it, and requested them to inform plaintiff of the

levy; that he advertised the machinery for sale, and after eight or ten days he released the levy and informed the plaintiff of the release.

Plaintiff testified that when he returned on the evening of the levy he was informed of it; that his employes quit work at the close of that day; that he told them he could not pay their wages unless the machinery was released from the levy; that the belts, pullies, and machinery were lying around exposed to the weather; that he knew the machinery was injured, but could not estimate the extent of the injury; that the levy was on the machinery about ten days, and the operation of the mill was suspended about twenty days in consequence, because it was ten days after the levy was released before he could get his hands together again to go on with the work of putting up the machinery; that he had 50,000 feet of timber cut down in stock at the time of the levy, worth $3 per thousand feet, and that on account of the delay occasioned by the levy it become worm eaten and a total loss; that the value of the use of the machinery when in operation was $25 or $30 per day net; that he was paying his sawyer $50 per month whether the mill run or not.

It is insisted that the court erred in admitting, over the objection of the defendants, the testimony of the plaintiff as to the value of the use of the machinery when in operation.

It is believed that there is no error in the ruling here complained of. If the levy occasioned a delay of ten days in putting the machinery in operation, it necessarily caused the loss of the earnings for ten days; and it seems to be the most reasonable method of determining the extent of the damage by showing the value of the use for the time of the delay.

It is contended that the court erred in charging the jury that the sheriff's return on the execution was conclusive, and that it was plaintiff's duty to respect the levy and possession of the sheriff.

In view of the fact that the levy was proven independent of the return, if there was error in the charge it was immaterial and could not have injured appellants.

It is thought that the judgment is correct and should be affirmed.

*Affirmed.*

Adopted February 25, 1890.