## STOKES v. SNYDER.
### No. 1588—5960.

Commission of Appeals of Texas, Section A.
Dec. 22, 1932.

W. B. Moss, of Sinton, and J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for plaintiff in error.

Jas. G. Cook, of Sinton, for defendant in error.

HARVEY, P. J.

This is a suit brought by the plaintiff in error, L. S. Stokes, against the defendant in error, William Snyder, to recover damages, both actual and exemplary, on account of the seizure and·detention, under a writ of attachment, of certain property belonging to Stokes. The trial court overruled a general exception

which Snyder urged to the plaintiff's petition. The case was tried to a jury on special issues resulting in,a judgment in favor of Stokes for the several amounts of damages found by the jury, in answer to the several special issues hereinafter set out. Snyder appealed, and presented a number of assignments of error. The Court of Civil Appeals sustained the assignment of error relating to the action of the trial court in overruling the general exception to the plaintiff's petition, and reversed the judgment of the trial court, without discussing any of the other assignments of error presented by Snyder. 34 S.W.(2d) 918. The application of Stokes for the writ of error has been granted by the Supreme Court.

We are inclined to believe that the trial court properly overruled the general exception to the petition of Stokes; but since other assignments of error duly presented and urged in the Court of Civil Appeals, by Snyder, show reversible error, the judgment of the last-named court reversing and remanding the cause should be affirmed.

The facts of the case so far as need be stated here are substantially as follows: Snyder sued Stokes for an alleged debt. The former procured a writ of attachment to be issued, and caused same to be levied on the tools and other equipment which were used by Stokes in his business of conducting a garage for the repair of automobiles, including equipment for a filling station which Stokes conducted, as a business, in connection with his garage business. The building in which said filling station business and garage business were conducted by Stokes was in the possession of Stokes under a lease for a term which had not expired. The writ of attachment in question was, at the instance of Snyder, levied upon all the above-mentioned property of Stokes. The officer, upon levying the writ, took possession of all said property, closed the place of business of Stokes, and excluded the latter therefrom for a period of about thirty-six hours. At the end of such period, Stokes duly replevied all said property and thereby regained possession of same, and resumed his business. The writ of attachment, under which said property was taken, is admittedly unlawful, for the reason that the affidavit which Snyder made, and which forms the basis of such writ, is legally insufficient to authorize the writ. Nobody disputed this. The testimony also raised a fact issue as to whether or not Stokes owed Snyder the indebtedness, or any part thereof, alleged in the affidavit for attachment. This fact issue was resolved by the jury in favor of Stokes, in answer to a special issue on the subject, which was submitted to them on the trial of this case. The present suit, as has been already indicated, was brought by Stokes against Snyder for the recovery of damages, both actual and exemplary, on account of the seizure and detention of his said property. At the trial of the case, the trial court submitted charges and special issues to the jury which, together with the respective answers given by the jury, are as follows:

"This case is submitted to you upon special issues, in the form of certain questions for the jury to answer, and thereupon to cause the same to be signed by your foreman where indicated; and in connection herewith the Court charges the jury upon the law applicable to this case, and you will be guided in arriving at your answers to the questions alone by the facts submitted to you under the ruling of the court and the law as herein given you.

"You are charged and instructed by the court that the attachment proceedings sued out and levied herein by the defendant is void, and is thereby wrongful, and you must therefore find actual damages in some amount in favor of the plaintiff and against the defendant.

"You are further charged and instructed by the court that the suing out and causing to be levied a writ of attachment is a harsh and severe remedy, and should not be exercised except upon lawful grounds, and upon probable cause, and without malice, or evil motive or intent.

"You are further charged that the Constitution and laws of this State exempt from seizure or forced sale, and from attachment, all tools in any trade, and you are charged that if such personal property if used by one engaged in the 'business or trade of automobile mechanic, is exempt from attachment. You are further charged that there is also exempt to every family one carriage or buggy, and that an automobile is such. You are further instructed that the homestead of a family is exempt, and that a leasehold for one year may be such homestead.

"Now bearing in mind the foregoing charges upon the law and any subsequent charges in connection with your answers or otherwise, submitted by the Court, you will answer the following special issues submitted in the form of questions:

"Special Issue Number One. What sum of money do you find the plaintiff sustained as actual damages by reason of the closing of his place of business and loss of business during the time the same was closed?

"Answer in dollars and cents. $22.75

"In connection with the foregoing special issue Number one you are instructed that you may consider loss sustained by the plaintiff in his business during the time it was actually closed under the writ of attachment, and the said property and place of business was detained from him by reason thereof.

"You are further charged that the defendant is responsible for the acts of the officer in closing said place and detaining said property under the writ of attachment, and that

he is responsible for the acts of his agents, servants and attorneys in the way and manner in which such attachment proceedings were sued out and levied.

"Special Issue Number Two. What sum of money, if any, do you find the plaintiff sustained as actual damages, if any, in the loss of business by reason of the issuance and levy of the writ of attachment, and as the reasonable and natural result of such seizure and levy?

"Answer in dollars and cents. $1059.52.

"In connection with the foregoing special issue Number Two you are instructed that you may take into consideration the amount or volume of plaintiff's business for a reasonable time before his business was closed under said writ, and the same after he recovered his property and place of business. By the term 'reasonable and natural result,' is meant such as might have been reasonably and naturally expected or contemplated to occur directly and proximately from the issuance and levy of the attachment in the way and manner as it was done.

"Special Issue Number Three. Was the writ of attachment sued out and caused to be levied maliciously; that is, without probable cause and with intent to injure the plaintiff in his business or business reputation?

"Answer yes or no. Yes—yes No.—.

"In connection with the foregoing special issue Number three, you are instructed that malice may be inferred from wrongful and unlawful acts, it may be proved by direct evidence or by circumstances.

"Special Issue Number Four. If you have answered the foregoing special issue number three in the affirmative, then you will answer this last Special Issue Number Four, in the following question:

"What sum of money do you assess against the defendant as exemplary damages?

"Answer in dollars and cents. $3125.00.

"In connection with the foregoing special issue Number four, you are charged that in arriving at the amount of exemplary damages, you may take into consideration loss of credit, or damage to his credit, if any, to plaintiff, in his business, damage to his property and business, if any, injury to his feelings, shame or humiliation, if any, as the direct and proximate result of the wilful and malicious issuance and levy of the void writ."

There were some other special issues submitted, but, so far as they bear on the questions to be discussed, that bearing is materially the same as that of the special issues set out above. The nature of some of the errors of which the defendant in error, Snyder, complains, will appear from our discussion of the case.

█ Where a case is tried on special issues, the trial court is not permitted to give the jury any charge, except "such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues." R. S. art. 2189. It has been repeatedly held that the giving of a general charge, except as authorized by the above statute, is not permitted, and will require a reversal of the case, when the point is properly preserved and presented to the appellate court, unless it clearly appears that no injury resulted to the complaining party, on account of such general charge. Humble Oil Co. v. McLean (Tex. Com. App.) 280 S. W. 557; Texas & P. Ry. Co. v. Perkins (Tex. Com. App.) 48 S.W.(2d) 249, and authorities there cited.

█ It is plain that a number of the charges or instructions given to the jury in the present case are essentially of the same character which were held to be general charges in the cases to which we have referred, and which were there held to be of an injurious nature. Particularly is this true with regard to that paragraph of the preliminary instructions which relates to the harshness and severity of the remedy of attachment, etc., as well as the paragraph which relates to the exempt character of property of the classes there designated. Regardless, therefore, of grounds of complaint urged by Snyder in other respects, the giving of the last-mentioned instructions to the jury was erroneous; and same affords justification for the action of the Court of Civil Appeals in reversing the case, even though that court assigned a wrong reason therefor.

█ In view of another trial, however, we deem it proper to point out the different aspects of the law relative to loss of business as a ground of recovery of actual damages in attachment cases. The broad rule has been laid down in this state that, in such a case, the loss of business is not an element of actual damage. Kirbs v. Provine, 78 Tex. 353, 14 S. W. 849; Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Miller v. Jannett, 63 Tex. 82. But that rule has reference to a case where the value of the property taken furnishes the measure of damage. It does not apply, as thus broadly laid down, to a case of this sort, where the property taken is detained for a period of time, and such detention necessarily has effect to interrupt the business of the defendant in attachment. In such a case, the thing lost to the latter is the value of the use, for the time being, of the property which is detained from him, and for which loss the law allows compensation by way of compensatory or actual damages. Such profits as would have been earned by Stokes in his business, but which were lost to him as the proximate result of the wrongful detention of his property, measures the value of the lost use of his property. Hamlett v. Coates (Tex. Civ. App.) 182 S. W. 1144 (writ refused); Halcomb v. Stubblefield, 76 Tex. 310, 13 S. W. 231; Wil-

son v. Manning (Tex. Civ. App.) 35 S. W. 1079. In no event, however, can the loss of any profits, which is not directly referable to, or proximately caused by, the wrongful detention of the use of the property from the defendant in attachment, constitute a legal basis for the recovery of actual damages.

We recommend that the judgment of the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals, reversing that of the district court, is affirmed, as recommended by the Commission of Appeals.