**ROADWAY EXPRESS, Inc., v. GASTON.**

**No. 3212.**

Court of Civil Appeals of·Texas. El Paso.
Jan. 9, 1936.

Rehearing Denied Feb. 27, 1936.

See,·also (Tex.Civ.App.) 90 S.W.(2d) 874.

McBroom & Clayton, of El Paso (on writ of error only), J. K. Brim, of Sulphur Springs, and Robert B. Holland and Touchstone, Wight, Gormley & Price, all of Dallas, for plaintiff in error.

Clark, Harrell & Clark, of Greenville, and Ramey & Fanning, of Sulphur Springs, for defendant in error.

WALTHALL, Justice.

For convenience we will refer to the plaintiff in error as plaintiff and to defendant in error as defendant.

On the 5th day of August, 1932, defendant, C. C. Gaston, was riding in his automobile, in a westerly direction on State Highway No. 1, some 500 yards west of the town of Weaver in Hopkins county, Tex. At that time and place the grass, weeds, and other combustible material along the side of

the paved portion of said highway was burning, and the smoke from the fire was over, above, and on the paved portion of the highway. While passing through said cloud of smoke, the automobile in which defendant was riding came in collision with a truck driven by G. O. Jones, going in the opposite direction to that of Gaston, and in which collision Gaston received the personal injuries of which he complains, and damage to his automobile.

Gaston sues G. O. Jones, the driver of the truck, and plaintiff, Roadway Express, Incorporated, for the damages sustained in the collision with the truck. Gaston sues plaintiff, Roadway Express, on the allegation that G. O. Jones, at the time of the collision, was operating the truck in controversy as the agent of Roadway Express, Inc., and was acting within the scope of his employment as driver of the truck.

On special issues submitted to the jury, the jury found substantially the following facts: That Jones was the agent of the Roadway Express, Inc., in operating the truck; that in approaching defendant's automobile on the highway Jones failed to yield to defendant as near as possible half of the road; that the failure to yield to defendant as near as possible one-half of the road was negligence, and that such negligence was the proximate cause of the collision; that at the time of the collision Jones was driving the truck at such a rate of speed as to endanger the life or limb of any person or the safety of any property on the highway, and that such speed was the proximate cause of the collision. The jury found and assessed Gaston's personal injuries at $24,500, and the damage to his automobile at $425. The jury found that in approaching the truck Gaston yielded to the truck as nearly as possible one-half of the road. The jury found in favor of Gaston as to the rate of speed at which he was driving his automobile; that at the time of the collision Jones was driving the truck at such rate of speed as to endanger the life or limb of any person, or the safety of any property on the highway.

On motion of defendant a part of the damages assessed by the jury for his personal injuries was remitted, and the court entered judgment in favor of defendant and against plaintiffs jointly and severally for the sum of $24,675, with interest from date of the judgment.

The court overruled the amended motion of plaintiffs for a new trial, to which plain-tiffs excepted, and plaintiff Roadway Express, Inc., alone, prosecutes this appeal by writ of error.

## Opinion.

Plaintiff, Roadway Express, Inc., presents thirty-eight propositions assigning error.

In his petition defendant Gaston alleged that G. O. Jones, plaintiff's driver of the truck, violated the criminal statutes of this state in failing to drive its truck upon the right-hand side of the highway, and in failing to pass his automobile to the right, and in failing to give plaintiff one-half of the road, which he assigned as negligent acts and the proximate cause of his injuries.

▉ In submitting the case to the jury on special issues the court instructed the jury: "It is the duty and provided by law that persons driving motor vehicles upon the public highway shall drive the same on the right hand center of the highway."

Plaintiff objected to the above instruction on the ground that it "amounts to a general charge in a case submitted upon special issues," and submits the giving of the instruction reversible error.

Plaintiff submits that in an unbroken line of decisions from the passage of what is now article 2189 of the Statute, it has uniformly been held that it was error to give a general instruction on the law in a case submitted upon special issues. The rule is well established that where a case is tried on special issues, the trial court is not permitted to give the jury any charge except such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. R.S. art. 2189. It has been repeatedly held that the giving of a general charge, except as authorized by the above statute, is not permitted and will require a reversal of the case, unless it clearly appears that no injury resulted to the complaining party on account of such general charge. Stokes v. Snyder (Tex.Com.App.) 55 S.W. (2d) 557; Humble Oil & Ref. Co. v. McLean (Tex.Com.App.) 280 S.W. 557; Texas & Pacific Ry. Co. v. Perkins (Tex.Com. App.) 48 S.W.(2d) 249, and cases cited.

It will be noted that there is an exception to the rule as above stated, the exception being, as stated, that the giving of an instruction, though general, will not be such error as will reverse the case where it clearly appears that no injury resulted to the complaining party. In Judge Speer's Law of Special Issues in Texas, § 114, it is said:

"It is always proper, when necessary, to give certain 'general instructions.' Even the definitions and explanations of words and terms employed are in their nature general instructions, but beyond these, there are certain important instructions, that may, and many times, be given."

In Fort Worth & D. C. Ry. Co. v. Lovett et ux. (Tex.Civ.App.) 263 S.W. 643, 644, the trial court, in a case submitted upon special issues, instructed the jury: "It was the duty of defendant's agents and servants in charge of the train, to use, for the safety of the passengers thereon, such high degree of care as would be used by cautious, prudent and competent persons under similar circumstances, and a failure to use such care would be negligence."

Under that definition the trial court submitted the issues. The Amarillo Court held the instruction to be a definition, stating only the legal duty alike of the plaintiff and the defendant. Here it was an issue of fact, under the evidence, which of the parties drove his vehicle on the wrong side of the highway. The instruction given applied to both parties alike, a statement of the statutory rule of the road. There is no suggestion that injury resulted to defendant by the giving of the instruction, and we do not see how any injury could result to plaintiff by the giving of the instruction. Perhaps no duty is better known to the public generally than the observance of what is known as the rule of the road. The point is not sustained.

█ Plaintiff complains of the refusal of the court to submit to the jury its requested charge on unavoidable accident.

Plaintiff specially pleaded unavoidable accident. The issue was also presented under plaintiff's general denial.

We briefly state some of the evidence. Defendant Gaston testified substantially as follows: There was smoke across the highway; it was just settling along upon the highway; the thickest part of it was some ten or twelve feet high; witness couldn't see the highway beyond the smoke; the cloud of smoke obscured the highway beyond the smoke; there is a black line in the center of the concrete surface along there; witness could see the middle of the road all the time; the smoke was pretty thick there in one place, couldn't see through it nor over it; witness could see the black line in the middle of the road ten or twelve feet in front of him.

Marvin Anderson testified: Was going towards Weaver afoot; it was late in the evening; observed the burning grass on the north of the highway; walked on the south side through the smoke; the smoke extended across the highway and for a distance of some fifty yards; the smoke was thick and bad; the lay of the land was "low swag"; saw the automobile (involved here) and turned around to see the automobile go through that smoke; judge the automobile was going about fifty miles; when he ran into the smoke it seemed he veered a little over to the south; I could see a truck coming down the hill; just saw the top of it over the hill, and they both went into the smoke, and I heard them strike; at the time witness heard the crash he could not see the automobile and the truck in the smoke; the truck came on out of the smoke and the driver jumped out of the truck; witness ran back with him and he (the truck driver) was pulling Mr. Gaston out of the fire; witness did not hear any horn sound on the automobile; when witness first saw the truck on the other side of the smoke it was on the south side of the road; the truck and the automobile got to the smoke about the same time; the truck and automobile were running on about the same time.

Tommie Brewer testified: Went to where the accident occurred to help move the trailer about 5 o'clock; observed the condition of the concrete; there were marks the truck had made on the south side of the black work (road work) about six inches on the south side of the line, then took an abrupt turn across north; they were rubber signs; they were on the south side of the marker of the highway.

J. S. Bridges testified substantially as to rubber marks on the concrete, as did other witnesses, and the turn to the north from where the marks were.

There is evidence in the record to the effect that the rubber marks of the truck, and the marks of the automobile on the concrete at the place of the collision, were on the north side of the center of the highway.

We have considered the evidence, however, for the purpose only of the question: Should the court have submitted to the jury the issue of unavoidable accident?

We have concluded that the issue should have been submitted. Evidently the jury could have found, under the evidence, that the dense smoke on the highway at the place of the collision was the cause of the collision. We think it clear from the evidence

that neither the driver of the truck nor the driver of the automobile saw the other vehicle until the collision occurred; nor was either party responsible for the smoke being on the highway. We think that under such circumstances the issue of unavoidable accident is presented. Dallas Ry. & Terminal Co. v. Garrison (Tex.Com.App.) 45 S.W. (2d) 183, and cases there cited under paragraph 3; Greer v. Thaman (Tex.Com. App.) 55 S.W.(2d) 519, and cases there cited; Dallas Ry. & Terminal Co. v. Darden (Tex.Com.App.) 38 S.W.(2d) 777.

In view of another trial we think to make some suggestions as to other matters complained of.

■ Plaintiff submits that the trial court erred in overruling its objection to the definition given of "proximate cause," the objection being that neither in the definition given nor elsewhere in the charge is the phrase "new or intervening cause" defined. The phrase is not defined in the charge. The evidence, we think, requires that the phrase be defined. The phrase "new or intervening cause" is a legal phrase and should have been defined in the charge. Robertson & Mueller v. Holden (Tex.Com. App.) 1 S.W.(2d) 570; Greer v. Thaman (Tex.Com.App.) 55 S.W.(2d) 519; St. Louis, S. F. & T. Ry. Co. v. Barr (Tex.Civ. App.) 67 S.W.(2d) 1063.

■ We think the court was not in error in refusing to submit plaintiff's requested inquiry as to whether Gaston kept a proper lookout, and whether such failure was negligence, and proximately caused the injuries complained of; nor whether Gaston failed to blow his horn at and just prior to the collision and while passing or about to pass the truck; nor that Gaston failed to slow down the speed of his automobile to 15 miles per hour. We base these conclusions on what the evidence in the case evidently shows that neither party saw the other because of the dense smoke. The evidence seems to show that both parties entered the smoke at the same time.

The remarks of counsel in argument, complained of, will not likely occur on another trial, and we need not pass upon the propositions referring thereto.

■ Over objection that same is duplicitous and multifarious, the court submitted to the jury the following: "Do you find from a preponderance of the evidence that at the time of the collision in controversy the defendant Jones was operating the truck in controversy as the agent of the Roadway Express, Incorporated, in the scope of his employment?"

Plaintiff submits that the charge is in violation of article 2189 in that it submits the issue as to whether Jones was in fact the agent of Roadway Express, Inc., and also whether Jones in driving the truck was, in fact, acting within the scope of his agency or employment.

An examination of the record discloses that plaintiff did not specially deny the agency of Jones either by pleading or evidence. The undisputed evidence, we think, without quoting it here, shows that at the time of the collision the Roadway Express, Inc., under a permit and license from the Railroad Commission was operating the truck and Jones was to be the driver. The issue need not have been submitted.

■ There is no merit, we think, in plaintiff's twenty-eighth proposition, in which it objects to the language used by the court in submitting some of the issues, as follows: "If you have answered 'yes' to Question No. —— and 'yes' to question No. ——, only in that event, then do you find," etc.

■ That Jones was driving the truck for plaintiff Roadway Express, Inc., was too well established by other evidence to make important his statements to Huffman and others that he (Jones) was working for plaintiff, and the speed at which he was going at the time of the collision. We think it objectionable to permit Jones' statement to E. C. Gaston to the effect that if he (E. C. Gaston) would pay to have the truck fixed, he (Jones) would have plaintiff, Roadway Express, Inc., "pay you for your damages." We think such statement by Jones would not be within the scope of his agency or employment as the driver of the truck.

■ Jones' statement to Fred Witt to the effect that the smoke was so bad he did not see Gaston and did not know there was a car on the road until the collision might be admissible, we think, on the issue of unavoidable accident. Jones' further statement to Witt, as to how he would drive the truck with reference to the center of the road, would not be admissible, we think, as to Roadway Express, Inc., as such driving might be in violation of the rule of the road, and his employer could well assume that Jones, in driving the truck, would observe the rule of the road, unless it otherwise permitted or had knowledge.

■ We think the court was not in error in refusing to instruct a verdict in favor of plaintiff in error.

■ The case is reversed and remanded as to plaintiff in error for failure of the court to submit the issue of unavoidable accident.

Reversed and remanded only as to plaintiff in error. Jones, not having prosecuted an appeal, the judgment as to him is not disturbed.