**Avery BURTON, Jr., Appellant,**

v.

**Johnnie Smith CHANDLER et ux.,**
**Appellees.**

**No. 10500.**

Court of Civil Appeals of Texas.

Austin.

June 19, 1957.

Rehearing Denied July 10, 1957.

William G. Washington, Austin, for appellant.

Victor B. Rogers, Austin, for appellees.

ARCHER, Chief Justice.

This suit arises as a result of an intersection automobile accident. The jury found that defendant, appellant herein, ran a red light and was driving while intoxicated. The jury also found contributory negligence in that plaintiff, appellee herein, failed to keep a proper lookout and that such failure was a proximate cause of the collision. The trial court disregarded the finding of contributory negligence and entered judgment non obstante veredicto for the plaintiff, appellee herein.

This appeal is before this Court on one point of error:

"The trial court erred in rendering judgment for the plaintiffs because the plaintiffs' driver was found by the jury to have been guilty of contributory negligence."

The appellee takes the position that the trial court did not err in disregarding the jury's answers to special issues Nos. 10 and 11 and in rendering judgment for appellee.

The accident, the basis for this suit, occurred at about 6 P.M. on May 30, 1956, at the intersection of North Lamar Boulevard and Brentwood Street in Austin, Texas. North Lamar Boulevard is 60 feet wide at

its intersection with Brentwood which is 30 feet wide, and the point of impact was 10 feet south of the north lane of Brentwood and 15 feet east of the west line of the Boulevard.

Appellee was driving in a westerly direction on Brentwood and appellant was driving in a southerly direction on the Boulevard at a speed of between 30 and 35 miles an hour.

There is a signal control light at the intersection and appellee testified that she had entered the intersection on the green light and had moved 45 feet westerly at the time of the collision and that in entering the intersection she looked to her right and left and did not see any cars, and when half the distance across Lamar she looked and did not see appellant's car coming.

In answer to special issues the jury found that appellee did not keep a proper lookout and that this was a proximate cause of the collision.

In answer to special issues the jury found that appellant ran a red light and that this was the proximate cause of the collision, and that appellant was operating his automobile while intoxicated and that this was the proximate cause of the collision.

On motion of appellee the trial court disregarded the finding of contributory negligence and rendered judgment for appellee.

It is stated by appellant that the sole question to be determined on this appeal is whether or not the trial court erred in disregarding the finding of contributory negligence.

There was no objection to the manner and wording of the issue of proper lookout.

The trial court in the order granting appellee judgment disregarding the jury's answers to special issues Nos. 10 and 11 concerning findings that appellee failed to keep a proper lookout and that such failure was a proximate cause of the collision, found that there was not sufficient evidence to have warranted the submission of the issues and that the answers of the jury to such issues were without support in the evidence.

We believe that the court entered a proper judgment.

There was no evidence that appellee failed to keep a proper lookout.

Appellee testified that as she approached the intersection the light was green and that she looked either way and went ahead; that she never saw the car that collided with her. She further testified on cross examination:

"Q. Will you describe what you did before the accident another time, please. A. When I went to enter the intersection, of course, naturally, first I looked to see if the light was changed. It was green. I looked to either side to see if any cars were coming, knowing that I had the right-of-way. However, I wanted to be sure. I seen no car; I went on across; when I got as far as I was there, I looked to see if my way was clear to turn into the store, and that's the last that I remember.

\*　\*　\*　\*　\*　\*

"Q. While you were stopped there, you looked every which way? A. I sure did.

\*　\*　\*　\*　\*　\*

"Q. Now, did look any more to the right or to the left? A. I sure did, and then I looked after I got about halfway, and I didn't see anything, and I looked to turn to go to the store."

We have given consideration to the cases cited by appellant such as Seinsheimer v. Burkhart, Tex.Com.App., 132 Tex. 336, 122 S.W.2d 1063, and Watts v. Dallas Railway & Terminal Company, Tex.Civ.App., 279 S.W.2d 400, er. ref., N.R.E., concerning the duty of one to keep a proper lookout, but such cases are not controlling in the instant case because there was no evidence that appellee failed to keep a proper lookout but did exercise care in entering the intersection.

Appellant was driving south on Lamar Boulevard and testified that he was driving not to exceed 35 miles per hour, and that the signal light was green as he entered the intersection and collided with the Pontiac car in which Mrs. Chandler was riding to the right of the center of the west part of the Boulevard; that he did not see the Pontiac until he hit it.

The jury found that appellant entered the intersection on a red light and was intoxicated at the time and no complaint is directed at the jury's findings.

Since we have concluded that there was no evidence to have warranted the submission of the issues concerning the failure of the appellee to keep a proper lookout, and no evidence to support the jury's finding, there was no error in disregarding such issue and the answer thereto.

The judgment of the trial court is affirmed.

Affirmed.