Forrest R. JAYNES, Appellant,

v.

Ollie LEE et al., Appellees.

No. 6987.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 3, 1957.

Fisher, McLaughlin & Harrison, H. B. Harrison, Paris, for appellant.

Leachman, Gardere, Akin & Porter, Gordon H. Rowe, Jr., Dallas, for appellees.

DAVIS, Justice.

Plaintiff-appellant, Forrest R. Jaynes, sued appellees-defendants, Ollie Lee and his father, Frank Lee, for damages growing out of an automobile-pickup collision on a farm-to-market road in Lamar County, Texas, which collision occurred on September 19, 1955, between 7 and 8 o'clock, a. m. Trial was to a jury, and at the conclusion of the evidence the trial court instructed a verdict in favor of appellee Frank Lee and that action of the trial court is not challenged on this appeal.

In response to special issues, the jury found Ollie Lee guilty of several acts of negligence that were the proximate cause of the collision, and also found that appellant failed to keep a proper lookout at the time and on the occasion in question, and that such was negligence and a proximate cause of the collision. The trial court entered judgment that appellant take nothing and he has appealed, bringing forward two points of error.

By Point 1, appellant complains of the action of the trial court in submitting Special Issues 27 and 28 (being the proper-lookout and proximate-cause issues), because there was no evidence to support the submission of such affirmative defensive issues. By Point 2, appellant complains of the action of the trial court in submitting such issues and contends that the evidence was insufficient to raise these affirmative defensive issues. These points have been properly preserved by exceptions to the court's charge and motion for new trial.

We think the evidence on the issue of proper lookout is brief and can be summarized. Appellant was driving along a farm-to-market road and the last thing he remembers was that he was driving along the road on his proper right-hand side. The next thing he knew, he awoke in a hospital some seven or eight days later, and has never been able to remember anything about the accident. We are highly impressed with his testimony both on direct and on cross-examination and are firmly convinced that he was a victim of retrograde amnesia as a result of the collision. To put it in his words: "I should have saw it (the pick-up), but if I did, the wreck knocked it outa me. And it ain't come back to me yet." At the time of the collision he was turning a curve in the road and was struck almost head-on by appellee Ollie Lee. The testimony of appellee Ollie Lee as to how the accident happened was as follows:

"Q. If you would please just explain to the jury as best you can how this accident occurred. A. Well, that's kinda hard to do. I was coming down the hill headed east and approached this curve going, curving to the north and I glanced off out to this pool looking at those highway department men filling up the truck with water, and when I looked back around at the road there we were and it looked like Mr. Jaynes wasn't more than two or three feet ahead of me and we hit."

A highway patrolman investigated the accident, gave Ollie Lee a ticket for failing to yield the right of way. He pleaded guilty to the charge, and paid a fine.

The evidence does show that the terrain at the place the accident occurred was open and there was nothing to prevent appellant from seeing the approaching pick-up driven by Ollie Lee. But, there is no evidence that appellant saw the pick-up coming or that he had time to get out of the way to prevent being hit after he saw Ollie Lee, if he did, heading into appellant's side of the road. There is no evidence that Ollie

Lee was driving on the wrong side of the road *for a sufficient time and distance* for appellant to have observed such fact in time to get out of the way. In other words, the jury has convicted appellant of contributory negligence merely because there was not anything to keep him from seeing the pick-up coming toward him, and without any evidence as to the distance or the element of time when appellant could have seen Ollie Lee pull over on the wrong side of the road and head toward appellant. Ollie Lee did not testify that he headed his pick-up toward appellant in plenty of time for appellant to get out of the way. He does not contend that anything was wrong with the pick-up that caused him to lose control of it. He just says he was looking off at some men working at the side of the road, and when he looked back he was within two or three feet of appellant's car. Open terrain and visibility is not evidence of contributory negligence. Such may be a circumstance that would aid in establishing contributory negligence for failing to keep a proper lookout, but these bare facts are not sufficient to raise the issue. Therefore, we find and conclude as a fact that the evidence was insufficient to raise the issue of contributory negligence by failing to keep a proper lookout. The burden of proof was upon appellee Ollie Lee to establish the fact of contributory negligence by failing to keep a proper lookout, and this he failed to do. Houston & T. C. Ry. Co. v. Anglin, 99 Tex. 349, 89 S.W. 966, 2 L.R.A.,N.S., 386. Such matters cannot be established by presumptions. Socony-Vacuum Oil Co. v. Lambert, Tex.Civ.App., 180 S.W.2d 456, no writ history. The evidence is more consistent with the exercise of care than it is with the inference of its absence, and will not support the verdict of the jury. Dewhurst v. South Texas Rendering Co., Tex.Civ.App., 232 S.W.2d 135, wr. ref., n. r. e.; Roadway Express, Inc. v. Gaston, Tex.Civ.App., 91 S.W.2d 883, wr. dis.; Texas Employers' Ins. Ass'n v. Herring, Tex.Com.App., 280 S.W. 740; Burton v. Chandler, Tex.Civ.App., 304 S.W.2d 170.

Therefore, it will not support the submission of the defensive issues.

Having been required to examine the evidence as a whole to pass upon the points raised, we find that it is seriously doubtful under all the evidence in this case that the mere fact that the terrain was open and visibility was extended to probably half a mile amounts to any evidence at all as to failure to keep a proper lookout in this case. It was circumstances, from which, if supported by other sufficient circumstances, failure to keep a proper lookout could have been established. Giving the appellee the benefit of the doubt, we overrule Point 1 as to "no evidence"; but, we find and conclude as a fact that the evidence was wholly insufficient to raise the issues sufficiently to justify their submission to the jury, and Point 2 is sustained.

██ Now, we come to a rather unique situation. The evidence shows without dispute that appellee Ollie Lee, at the time of the trial, was only 18 years of age. No guardian ad litem was appointed for him. The record does not reveal that he was served with citation. The question with which we are concerned is whether or not we can reverse and render the case. We have concluded that we cannot, because of the fact that no guardian ad litem being appointed, we are powerless to render a judgment against the minor that could be enforced. Our judgment would not be void, but it would be voidable. The only thing the minor would have to do to set the judgment aside would be by pleading and proving that he was a minor and was not legally represented by a guardian ad litem in the case. 23 Tex.Jur., 768, Sec. 71; See authorities cited under Note 6 of Rule 173, Vernon's Ann.Texas Rules of Civil Procedure, beginning at page 543, and Note 2, page 544.

Some jurisdictions hold that no one has authority to appear and answer for an infant defendant without having been first appointed by the court for that purpose, and

the judgment or decree rendered on an answer of any other person is erroneous. 43 C.J.S. Infants § 109 (2) (b), p. 286.

It does not seem that the courts have heretofore construed Rule 173, T.R.C.P., formerly Article 2159, Vernon's Ann.Texas St., to be mandatory. In the cases enumerated in the Rule for which a guardian ad litem is required, the Rule says: "* * * the court shall appoint a guardian ad litem for such person * * *" (Emphasis supplied).

It has heretofore been held that the word "shall" when used in a rule of procedure requiring the transcript in an appeal from an interlocutory order be filed within 20 days is jurisdictional and mandatory. State ex rel. Crawford v. Wagner, Tex.Civ.App., 203 S.W.2d 795, er. ref.

██ Statutes and rules are permissive or mandatory, governed by the intent of the Legislature, Congress, or the governing body that enacts the statute or promulgates the rule. When the intent clearly indicates that the word "shall" as used in such statute or rule was intended to be mandatory, then it is clearly inconsistent with any idea of discretion and is mandatory. Elmer v. Commissioner of Insurance, 304 Mass. 194, 23 N.E.2d 95; Anderson v. Brady, D.C.Ky., 1 F.R.D. 589; Baer v. Gore, 79 W.Va. 50, 90 S.E. 530, L.R.A.1917B, 723. Other authorities can be found in 39 Words and Phrases under heading, "Shall—In Statutes as Permissive or Mandatory", beginning on page 122. It seems that the word "shall" as used in Rule 173 should be held to be mandatory because we have a situation here where final disposition of this lawsuit will be delayed by the trial judge apparently construing the Rule as being permissive and in his discretion did not appoint a guardian ad litem. A similar situation arose in the case of Maze v. Ruscher, Tex.Civ. App., 269 S.W.2d 860, no writ history. The Court of Civil Appeals in that case adjudged all costs against the father of the minor, which appears to us from a study of the opinion to be a just and equitable decision.

Therefore, the judgment of the trial court is affirmed as to appellee Frank Lee. As to the appellee Ollie Lee, the judgment of the trial court is reversed and the cause is remanded. All costs of this appeal will be taxed against the appellee Frank Lee.

It is so ordered.