**Diana Lois SMALLEY, By Next Friend, Appellant,**

v.

**Willie R. McMURRAY, Appellee.**

No. 4222.

Court of Civil Appeals of Texas.

Eastland.

Feb. 29, 1968.

Yarborough, Yarborough & Johnson, Roger L. Turner, Dallas, for appellant.

Boyd Waggoner, Dallas, for appellee.

COLLINGS, Justice.

Savanna Smalley, next friend and mother of Diana Lois Smalley, a minor, 8 years of age, who was injured in an automobile accident, brought this suit against Willie McMurray for damages. At the conclusion of the evidence the court granted defendant's motion to withdraw the case from the jury and rendered judgment for the defendant.

In appellant's first two points it is contended that the court erred in instructing a verdict for McMurray because the pleadings and evidence raised fact issues on the questions of (1) whether McMurray's failure to sound his horn prior to the accident and (2) whether he made timely and proper application of his brakes constituted negligence proximately causing the collision in question.

The evidence shows that at the time of the accident appellee, McMurray, was proceeding in a generally southerly direction on South Central Expressway, a major thoroughfare in the City of Dallas at 30 miles per hour. At the place of the accident South Central Expressway has two lanes going south and two lanes going north and a service road on each side of the expressway. There is a divider between the north bound and south bound lanes which is between 3 and 5 feet wide. At the place of the accident there was no stop sign or other traffic control devices governing vehicles traveling north and south on South Central Expressway.

Appellant, Diana Lois Smalley, was a gratuitous guest and passenger in the right front seat of the motor vehicle owned and operated at the time by Clarence W. Estes, who at the time of the accident was on a personal mission of his own. Estes had been traveling in a southerly direction on the service road east of South Central Expressway and upon arriving at the intersection with Jaffee Street proceeded to make a right turn, ran a stop sign and attempted to cross South Central Express-

way traveling in a generally westerly direction in front of appellee, who, as stated, was traveling south thereon.

The undisputed evidence shows that when appellee first became aware that the Estes vehicle would run a stop sign appellee was 25 to 50 feet back from the intersection and traveling about 30 miles per hour. The evidence further shows that it was raining and the streets were slick. Appellee testified that when he saw the other car run the stop sign he took his foot off the accelerator and gradually applied his brakes. When he saw that this would not stop his car in time to avoid a collision he applied his brakes hard. Appellee stated that he thought the driver of the other vehicle would stop before crossing the median which divided the north bound lanes from the south bound lanes because in most cases people do stop under such circumstances. He stated that even if he had begun attemping to sound his horn as soon as he saw appellant run the stop sign the accident could not have been avoided. All the facts and circumstances of the case are consistent with the testimony of appellee and there is no evidence to the contrary. The evidence also shows that appellee applied his brakes before the impact and did everything reasonably possible to avoid the accident. There was no evidence tending to support a conclusion to the contrary. There was no pleading or evidence of any failure by appellant to keep a proper lookout.

■ Appellant's 1st and 2nd points are overruled. Appellee had the right of way because he was on a through street with no stop signs or other traffic control devices to hinder him. The driver of the other vehicle was confronted with a stop sign which he failed to heed and, in violation thereof he attempted to cross South Central Expressway in front of appellee's approaching vehicle. Appellee was not required to anticipate that the driver of the other vehicle would enter the major thoroughfare upon which he was traveling in disregard of the stop sign. Neither was he required to anticipate that the driver of such vehicle would fail to yield the right of way at the intersection after running the stop sign. Miller v. Tilton, 289 S.W.2d 426 (Tex.Civ.App.1956, no writ history); Dallas Railway & Terminal Co. v. Straughan, 254 S.W.2d 882 (Tex.Civ.App.1952, no writ history.)

■ We also overrule appellant's 3rd point contending that the court erred in instructing a verdict for appellee because issues of fact were raised by the pleadings and evidence concerning discovered peril and that such issue should have been submitted to the jury. The evidence did not raise the issue of discovered peril. The testimony of appellee was in substance that when he saw the other car run the stop sign he was only 25 to 50 feet from the intersection; that he applied his brakes first lightly and then as hard as he could but was unable to stop; that he did not honk his horn but even if he had done so the accident could not have been avoided. Appellee's testimony did not support but was opposed to appellant's contention of discovered peril. Appellant produced no evidence to the contrary. Specifically, there was no evidence that appellee discovered the perilous position of the automobile in which appellant was a passenger in time to have avoided the collision. The evidence, in our opinion, did not raise a jury question concerning discovered peril. Texas & New Orleans Ry. Co. v. Hart, 163 Tex. 450, 356 S.W.2d 901 (1962); Cox v. City of Amarillo, 391 S.W.2d 494 (Tex.Civ.App.1965, no writ history); Jones v. Underwood & Weld Co., Inc., 406 S.W.2d 491 (Tex.Civ.App.1966, no writ history).

For the reasons stated, the judgment of the trial court is affirmed.