Melquiades SALCIDO, Appellant,

v.

Abernathy BATES, Appellee.

No. 377.

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 27, 1968.

Rehearing Denied Dec. 31, 1968.

Stone & Dyer, Curtis B. Dyer, Corpus Christi, for appellant.

Lewright, Dyer & Redford, W. N. Woolsey, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a take-nothing judgment rendered after jury trial against Melquiades G. Salcido, plaintiff below, in favor of Abernathy Bates, defendant below.

Salcido sued Bates to recover damages for personal injuries and property damage sustained as a result of an automobile collision which occurred on August 4, 1965 at about 8:30 p. m. Prior to the collision plaintiff-appellant Salcido was driving his Cadillac automobile generally in a northerly direction on U. S. Highway 181, just north of the city limits of Portland, San Patricio County, Texas, approaching an intersection with Railroad Avenue upon which appellee-defendant Bates was driving his Chrysler automobile in a generally westerly direction.

At the location in question U. S. Highway 181 is divided into two roadways, the easternmost for northbound and the westernmost for southbound traffic. The easternmost roadway, with which we are here primarily concerned, contains two traffic lanes, each twelve feet wide, and a paved shoulder on the east side which is eight feet wide. Railroad Avenue intersects the easternmost roadway of Highway 181 and runs generally east-west for a short distance and then turns so as to run generally north-south almost parallel to Highway 181. There is a "Yield right of way sign" located on the north side of Railroad Avenue facing eastward, for the purpose of controlling traffic on Railroad Avenue as it enters onto Highway 181. This sign is located at a distance of about twenty feet from the east paved shoulder of Highway 181, twenty-eight feet from the outside line of the east lane thereof, forty feet from the dividing line between the two northbound traffic lanes, and fifty-two feet from the outside line of the west traffic lane on said northbound roadway. The collision in question occurred when Bates, after passing the "Yield right of way sign", attempted to cross U. S. Highway 181 in front of Salcido's vehicle. The left front portion of Salcido's vehicle struck the left rear side of Bates' vehicle.

In answer to special issues, the jury found in substance that Bates was guilty of negligence proximately causing the collision in failing to keep a proper lookout, in failing to make proper application of his brakes and in failing to yield the right of way to Salcido. Such findings against Bates are not questioned on this appeal.

In answer to special issues 8 and 9 the jury found that Salcido failed to keep a proper lookout on the occasion in question which was a proximate cause of the accident; and in answer to special issues 13 and 14, the jury found that Salcido failed to make such application of his brakes as would have been made by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances which was a proximate cause of the collision. The jury also found that Salcido failed to turn his car to the right prior to the collision, but that such failure was not negligence; and further refused to find that Salcido operated his automobile while under the influence of intoxicating beverages, and found that the collision was not the result of an unavoidable accident. The damage issues submitted to the jury were answered in an aggregate amount of

$8,700.00, and it was stipulated that Salcido suffered additional damages to his automobile in the amount of $612.10.

Salcido's recovery against Bates was prevented only because of the jury findings on special issues numbers 8, 9, 13 and 14. Salcido made proper objections to the submission of such issues, filed motion for judgment non obstante veredicto and to disregard such jury findings, and also timely filed motion for new trial, all of which were overruled by the trial court.

By sixteen points of error Salcido asserts two basic contentions relating to issues 8, 9, 13 and 14, in substance that (1) there is no evidence to support submission of such issues or the jury answers thereto, and the same should have been disregarded in accordance with his motion for such relief, and (2) the evidence is factually insufficient to support the jury answers to such issues, that is, the evidence is too weak to support affirmative findings against Salcido on such issues and that such answers are against the overwhelming weight and preponderance of the evidence so as to be manifestly wrong and unjust.

■■■■ We overrule appellant's points that the evidence is legally insufficient to support the jury answers to issues 8, 9, 13 and 14. See Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643 (1957). We also overrule appellant's points that the evidence is factually insufficient to support the answers to issues 8 and 13. However, we sustain appellant's points that the evidence is factually insufficient to support the jury answers to issues 9 and 14. Otherwise stated, we hold that the evidence was factually insufficient to support the jury answers on issues 9 and 14 that the negligence of Salcido, in the respects mentioned, constituted a proximate cause of the collision in question, for the reasons to be hereafter stated.

The only eye witnesses to the accident who testified in the case were plaintiff Salcido, defendant Abernathy Bates and his wife Juanice Bates. Other witnesses who came to the scene shortly after the collision were as follows: David D. Wheeler, a professional photographer, who took pictures of the scene of the accident on the evening in question; Rayford R. L. Brown and A. W. Fleniken, State Highway Patrolmen who investigated the accident; George L. Warren, an ambulance driver of Portland, Texas, who took Salcido, Mr. and Mrs. Bates and their daughter to a hospital in Corpus Christi; Luther E. Duckworth, Constable of Precinct 4, San Patricio County, Texas; and Ed Altman, a policeman of Portland, Texas. Wheeler, Brown and Fleniken were originally called as witnesses for plaintiff Salcido. Warren, Duckworth and Altman were originally called as witnesses for defendant Bates. Salcido also called as a witness Mr. John Bentley, an accident consultant, of Corpus Christi, Texas, who testified at length in connection with reconstruction of the accident.

Salcido testified in substance that as he approached the intersection where the accident occurred he saw the Bates automobile as it approached the yield right of way sign; that the Bates car slowed its speed; that it did not stop at the yield sign; that it proceeded to the edge of the highway and then into the highway in front of Salcido's car. Salcido further testified that he was travelling in the west lane at a speed of about 50 miles per hour (in a 60 miles per hour speed zone) as he approached the point where the collision occurred; that he thought the other car was going to stop, but instead it "slowed down and he took off and got on the highway. In other words he blocked my highway." Salcido said he put his brakes on when the other car was on the edge of the highway; that the other car got up to the shoulder of the highway and then speeded up.

Both Mr. and Mrs. Bates testified that their car completely stopped at the "yield" sign facing Railroad Avenue with the signpost of same at about mid point of their car; that they saw no traffic coming from

either direction and started forward on to the highway; that Mrs. Bates turned to look at their daughter in the back seat and saw a car coming and told her husband; that the other car was in the west or inside lane, as was the Bates car. Mr. Bates said after his wife warned him of the other car he turned quickly and saw the collision was imminent; that he tried to speed up, but evidently didn't; that he reached a maximum speed of about 15 miles per hour before the collision.

John Bentley, the accident consultant, testified concerning his qualifications as such generally as he did in the case of Kettle v. Smircich, 415 S.W.2d 935 (Tex. Civ.App., Corpus Christi, 1967, n. w. h.). The evidence reflected that Bentley had been retained in other accident cases by counsel for appellee, and his qualifications (as distinguished from the testimony and opinions given by him) were not questioned by appellee. Bentley's testimony involved in part examination of photographs in evidence, personal observation and investigation of the scene of the accident, testimony given by deposition and by witnesses at the trial, calculations as to speed, distance, reaction time, stopping distance, comparative location of the vehicles, and other matters. He prepared a scale plat of the scene and gave testimony based upon it as well as other drawings of the scene made during the course of the trial. The testimony of other witnesses who came on to the scene of the accident was largely in connection with what they observed at that time. There were some conflicts as to the point of impact and skid marks at the scene and as shown by the photographs.

The distance from the "yield" sign (facing eastward on Railroad Avenue and controlling Bates' entrance to the U. S. Highway 181) to the east shoulder of Highway 181 is 20 feet and to the east line of the east lane thereof (the main travelled portion of the highway) is 28 feet. The distance from the last point to the dividing line between the two lanes of northbound traffic is 12 feet and to west line of the west lane is 24 feet. Considering the evidence in the light most favorable to appellee it appears that Salcido had a maximum period of approximately two seconds in which to take evasive action from the time the front of Bates' car entered the main travelled portion of the highway until the moment of impact. According to appellant's testimony Salcido had even less time available. In any event, it appears that the Bates vehicle began to block the west traffic lane in which Salcido was travelling after the Bates car had travelled more than 12 feet from the east line of the east lane of the highway.

It is well settled that a person is not bound to anticipate negligent or unlawful conduct on the part of another. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955). In this case Salcido was not required to anticipate that Bates would fail to yield the right of way after passing the "Yield" sign and as he approached the east edge of the main travelled portion of the highway. See Smalley v. McMurray, 427 S.W.2d 118 (Tex.Civ.App., Eastland 1968, n. w. h.); Strange v. Colvin, 429 S.W.2d 954 (Tex.Civ.App., Austin 1968, n. w. h.). Assuming that Salcido did not keep a proper lookout, as found by the jury, the evidence is factually insufficient to establish that such failure was a proximate cause of the collision or that he could have avoided it by a proper application of his brakes. The failure to keep a proper lookout can only be deemed a proximate cause where "the keeping of it would have prevented the unfortunate occurrence." Texas & P. Ry. Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049; Gulf, C. & S. F. Ry. Co. v. Russell, 125 Tex. 443, 82 S.W.2d 948; Thompson v. Gray, 219 S.W.2d 831 (Tex.Civ. App., Galveston 1949, wr. ref. n. r. e.); Taylor v. Brooks, 392 S.W.2d 878 (Tex. Civ.App., Waco 1965, wr. ref. n. r. e.). Even if Salcido had kept a proper lookout, under the record before us he would not have been on notice that Bates would fail to yield the right of way until Bates' car entered the main travelled east lane of the

roadway (at which time the front of Bates' car was 12 feet from the east line of the west lane in which Salcido's car was travelling) and Salcido would not have been under a duty to take evasive action until that time. Under any view of the evidence Bates' car travelled from the east line of the east lane into the west lane of the roadway in which Salcido was travelling in one second or less and wholly or partially blocked said west lane until struck by Salcido's car. Salcido's car was travelling at approximately 50 miles per hour or about 74 feet per second. Bentley's testimony, which was not seriously questioned in this respect, was that ordinary daylight reaction time for the driver of a vehicle is three fourths of a second, during which time Salcido's car would have travelled about 55 feet, and that braking distance after that in order to stop would be about 119 feet. The evidence tends to show that Bates' car travelled about 34 feet from the east line of the east lane of the roadway up to the point of impact with Salcido's car. Under these conditions we hold that the evidence is factually insufficient to support the proximate cause findings against Salcido on special issues 9 and 14. The evidence is factually insufficient to show causation in fact or foreseeability on the part of Salcido. See McCauley v. Lasher, 368 S.W.2d 49 (Tex.Civ.App., Texarkana 1963, wr. ref. n. r. e.); Hooper v. Holt, 416 S.W.2d 916 (Tex.Civ.App., Texarkana 1967, n. w. h.); Firestone Tire & Rubber Co. v. Rhodes, 256 S.W.2d 448 (Tex.Civ.App., Austin 1953, n. w. h.); City of Austin v. Hoffman, 379 S.W.2d 103 (Tex.Civ.App., Austin 1964, n. w. h.); Perkins v. Hale, 396 S.W.2d 14 (Tex.Civ.App., Tyler 1965, wr. ref. n. r. e.); Smalley v. McMurray, supra; Strange v. Colvin, supra. For the reasons stated, Salcido's motion for new trial should have been sustained by the trial court.

The judgment of the trial court is reversed and the case is remanded for new trial.