**Gary ROHAN, Appellant,**

v.

**Wayne BAKER, Appellee.**

**No. 15776.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

June 24, 1971.

Rehearing Denied Sept. 9, 1971.

 

Alice Giessel, Houston, for appellant; Talbert, Giessel & Stone, Houston, of counsel.

Krist, McConnico & Jones, Ronald D. Krist, Houston, for appellee.

COLEMAN, Justice.

This is a suit for damages for personal injuries sustained when appellee was forced to drive his vehicle off the highway in order to avoid a collision with appellant's vehicle. The jury found primary negligence, contributory negligence, and damages. The trial court sustained appellee's motion to disregard the contributory negligence issues, and entered judgment on the verdict. The judgment is reversed.

The accident occurred on September 3, 1968, about 6:00 a. m. at the intersection of County Road 129 and Highway 35 in Brazoria County. At this point Farm Road 129 is a two-lane road for east and west traffic which dead ends after intersecting Highway 35 from the east. Each lane is ten feet in width. There is a stop sign on the right-hand side of the farm road facing traffic proceeding into Highway 35 located twenty feet from the shoulder of the highway. Highway 35 is a four-lane highway for north and south traffic. If one proceeded to cross Highway 35 from the farm road, he would pass an eleven-foot shoulder, two lanes, each twelve feet wide, for north bound traffic, an esplanade sixteen feet wide, then two lanes for south bound traffic each twelve feet wide, an eleven-foot shoulder, a bar ditch eleven feet wide, and then a fence.

Appellant testified that on the occasion in question he was traveling in a westerly direction on County Road 129. It was dawn, visibility was good, and he had on his parking lights. It had been raining and the roads were slick. Appellant stopped at the stop sign and waited for the traffic to pass. As he pulled away from the stop sign he saw appellee approaching from a northerly direction on Highway 35 at an estimated speed of 55 to 60 miles per hour. He was coming out of a curve in the highway. By a measurement taken subsequently he determined that this point was 340 yards away.

Appellant estimated that he was going six to eight miles per hour when he got into the esplanade. He did not stop, but, instead, accelerated his speed as he turned into the left lane of Highway 35 proceeding south. As his speed was increasing while turning he ran into a puddle of water and the car skidded, blocking both south bound lanes. He regained control of the car and proceeded down the highway. After leaving the stop sign he did not see appellee's car until he had straightened out, when he saw it in his rear view mirror as it was going off the road.

Appellee testified that he was traveling south on the inner lane of Highway 35. He first saw appellant's vehicle when he was 120 feet from the center of the intersection. At that time appellant's car was partly in the median and was stopped. When appellee's car was about two car lengths from the center of the intersection appellant's car pulled into the left south bound lane of traffic and fishtailed, blocking both lanes. Appellee was driving in the left lane about 55 miles per hour. When he applied his brakes, his car slid sideways, went off the highway and hit a sign and a post before stopping.

Appellee also testified that when he was about 300 yards away he checked Farm Road 129. He did not see appellant's car because a street light blended it into the background. He did not see it until he was about two car lengths from the intersection. He also testified that he was

about six car lengths, or 120 feet, from the center of the intersection when he first saw appellant's car.

The jury found that appellant was guilty of several acts of negligence, including failure to yield the right of way, which were proximate causes of the occurrence. It also found that appellee failed to keep a proper lookout and that this failure was a proximate cause of the occurrence. In the judgment the trial court recited that there was no evidence to raise the lookout issues or to sustain the findings of the jury thereon. The court also recited his finding that appellee "took all precautionary and evasive action required of a reasonably prudent person operating under the same or similar circumstances at the time his duty to take such action arose." The court also found that there was "no evidence from which a jury could reasonably have inferred that but for the failure of plaintiff to keep a proper lookout the accident would not have occurred."

■ The action of the trial court in disregarding the answers to the lookout issues constitutes error, since the issues are material, if the answers are supported by any competent evidence. In determining this question the evidence must be viewed in the light most favorable to the verdict. The evidence which does not support the verdict cannot be considered. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965).

Appellee concedes that there is testimony from which the jury could infer that he did not see appellant when he left the stop sign and thus did not keep that character of lookout as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances. He correctly states that the question is whether the action of the appellant in leaving the stop sign and proceeding across the north bound lanes of traffic at a speed of some eight miles per hour "was sufficient to alert appellee of the fact that defendant might, in violation of appellee's right of way, proceed into the south bound lane of Highway 35 prior to stopping at the eastern edge of the roadway in the protected median area." It is appellee's contention that he had no duty to take evasive action until appellant began to pull into the south bound lane when he no longer had time to do so with safety. He reasons, therefore, that his failure to keep a proper lookout was not a proximate cause of the accident, and that the judgment entered by the trial court was proper.

In support of his position appellee cites Polasek v. Quinius, 438 S.W.2d 828 (Tex. Civ.App.—Austin 1969, ref., n. r. e.); Salcido v. Bates, 436 S.W.2d 934 (Tex.Civ. App.—Corpus Christi 1968, ref., n. r. e.); Mills v. Thomas, 435 S.W.2d 593 (Tex. Civ.App.—Tyler 1969, ref., n. r. e.); Jaynes v. Lee, 306 S.W.2d 182 (Tex.Civ. App.—Texarkana 1957), and Thornton v. Campise, 459 S.W.2d 455 [Tex.Civ.App.— Houston (14th Dist.) 1970, writ ref., n. r. e.].

The rule of law applied in each of these cases is aptly stated in Thornton v. Campise, supra, in these words:

"In an intersection collision the driver with the right of way is under a duty to take evasive action (or his failure to take evasive action is negligence) only after the other driver without the right of way has done something which would alert a reasonably prudent person to the danger of a collision if evasive action is not taken. Skyline Cab Company v. Bradley, [Tex.Civ.App.], 325 S.W.2d 176, n. r. e. Also, as related to an intersection collision, the driver with the right of way ordinarily has a duty to keep a lookout for other vehicles entering the intersection and his failure to do so is negligence, but such failure to keep a proper lookout is a proximate cause of the collision only if such lookout would have revealed something on the part of

the other vehicle that, if seen, would have alerted him to the danger of a collision at such time or distance that proper evasive action taken by him would have prevented it. That is to say, the situation must be such that the collision would not have occurred 'but for' his failure to keep a proper lookout."

Reasonable men could differ as to whether appellee would have been alerted to the danger of a collision had he kept a proper lookout. The evidence is that appellant traveled 82 feet after leaving the stop sign before he pulled into the south bound lanes of traffic, and some 50 feet after entering the intersection. The jury might conclude that appellant took some four to five seconds after entering the intersection to reach the north bound traffic lane, and eight to ten seconds after leaving the stop sign. This would have given appellee ample time to take suitable defensive action.

■ While a person is not bound to anticipate negligent or unlawful conduct on the part of another, he is under a duty at all times to maintain a proper lookout for his own safety, and may not proceed blindly and in disregard of dangers that might reasonably be anticipated to exist. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (1955).

■ A divided highway cannot be considered as having two intersections unless the lanes for travel are separated by thirty feet or more. Article 6701d, Sec. 14, Vernon's Ann.Civ.St. It can reasonably be anticipated that one having entered the intersection of a highway divided by an esplanade less than thirty feet in width, even at a relatively slow rate of speed, may continue to cross without stopping. Appellant testified that he was traveling about eight miles per hour when he reached north bound traffic lanes and that he continued at that speed until he accelerated to turn into the south bound traffic lane. This course of action was sufficient to alert appellee of the danger that appellant might enter appellee's lane of traffic without stopping.

The judgment is reversed and judgment is here rendered that Wayne Baker take nothing.