**Gloria RUTOWSKY, Appellant,**

v.

**David D. MUELLER, Appellee.**

**No. 12799.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 26, 1955.

Cox, Patterson & Freeland; Thomas J. Walsh, McAllen, for appellant.

Cox, Wagner, Adams & Wilson, Harlingen, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Gloria Rutowsky against David D. Mueller in the District Court of Hidalgo County, seeking

to recover damages sustained by her as the result of a collision between an automobile driven by her and another automobile driven by Mueller. The jury found that the defendant was guilty of negligence in failing to keep a proper lookout and in failing to give a signal of his intended movement of his automobile on the occasion in question, and that such negligence was the proximate cause of the collision. The jury further found that the plaintiff was negligent in failing to decrease the speed of her automobile and that such failure was a proximate cause of the collision. As a result of these findings the trial court rendered judgment that plaintiff take nothing, from which judgment she has prosecuted this appeal.

■ On March 31, 1953, appellant was driving a 1948 model Chevrolet automobile, at about 1:30 p. m., in a northerly direction on North Tenth Street, which is State Highway 366, and had reached a point on said Highway about two and one-half miles north of U. S. Highway 283, said point being in Hidalgo County, Texas. It was daylight, the weather was clear and the road surface dry. Plaintiff was operating her automobile with due caution, at a lawful rate of speed, in the east lane of said highway, when she observed an automobile driven by appellee some distance ahead, parked on the east shoulder of the highway. When plaintiff had reached a point some two hundred yards south of the parked automobile she observed it beginning to move and proceed upon the paved portion of the highway. The roadway being clear of approaching vehicles, plaintiff sounded her horn and turned her automobile into the west traffic lane intending to pass appellee on the left or west side. After she had turned into the west lane, appellee's automobile proceeded diagonally across the highway and into the west lane, directly in front of plaintiff. She immediately steered her automobile to the left, away from appellee's automobile, but was unable to turn it sufficiently, in the remaining available space, to avoid a collision. Both automobiles were going general-

ly in a northerly direction and the collision occurred near the west edge of the pavement. The evidence further shows that appellee had gotten into the automobile he was driving, and without giving any signal of his intention to do so, and while failing to keep a proper lookout, started diagonally across the highway and thus proximately caused the collision. The question is whether there was any evidence to support the jury's finding that plaintiff was guilty of negligence in failing to decrease the speed of her automobile from the time of her discovery that the automobile being driven by appellee was entering the paved portion of the highway and until the collision occurred, and whether there was any evidence that such negligence was the proximate cause of the collision. If so, the trial court properly refused to disregard the answers of the jury to Special Issues Nos. 24 and 25, and to render judgment non obstante veredicto for appellee. We conclude that there was not only some evidence, but sufficient evidence to support the jury's answers to these two issues.

■ Appellant first discovered appellee's automobile parked on the gravel portion of the highway when she was some 200 yards from it and traveling at a speed of 50 miles per hour. She did not slacken her speed but continued to drive in the direction of the parked automobile at the same rate of speed, which admittedly was 50 miles per hour. When appellant was about 100 yards from him, appellee got in his car and started diagonally across the highway. At this juncture she blew her horn and steered her car into the west lane of the highway, expecting to pass appellee on the west side. However, appellee continued to drive his automobile diagonally across the road, thus forcing appellant to pull further and further to the left, until finally the collision occurred, just off the paved portion of the highway, on the west or left-hand side, viewed from appellant's position. It is true that appellant was not required to anticipate that appellee would drive diagonally across the highway in her path without giving any

signal or without keeping a proper lookout, but when she discovered that he was doing this she was then required to use ordinary care. The jury found in effect that ordinary care would have required appellant to slacken her speed. Instead of doing this, she sounded her horn and continued to try to pass to the west or left-hand side of appellee's car. These facts presented a question for the jury as to whether or not appellant was guilty of negligence in not reducing her speed rather than in attempting to pass appellee on the left-hand side. In determining whether or not there is sufficient evidence to support the finding of the jury, we must view the evidence in the light most favorable to appellee. When this is done, the evidence justifies the conclusion that appellee was driving diagonally across the road 100 yards in front of appellant when she discovered his perilous position. It is a question of fact to be decided by the jury, whether or not under such circumstances appellant should have reduced her speed. This the jury has decided against her upon sufficient evidence.

Appellant contends that appellee did not drive diagonally across the highway in the beginning, but he first drove upon the highway in his right-hand lane, and then, after proceeding some distance, made a sudden left-hand turn across the left-hand or west lane of the highway. This testimony, however, is contrary to the testimony offered by appellee, and in passing upon whether there is sufficient evidence to support the verdict of the jury, we must consider this evidence offered by appellee in the most favorable light possible to him.

Appellant cites the case of Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861, 864. In the Minugh case we held that: "He (appellant) had a right to presume that the driver of appellee's truck would not attempt to make a left turn out of a right-hand lane without giving a proper signal", but when the evidence here is considered in a light favorable to appellee, it shows that he did not make a left turn out of a right-hand lane, but that he started up on the gravel portion of the highway and went diagonally across the highway when appellant was about 100 yards from him, which presents a very different situation from that in the Minugh case. In answer to Special Issue No. 5, the jury refused to find that appellee made a left turn, thus indicating that they did not agree with appellant's testimony to the effect that appellee first entered the right-hand lane and then, after proceeding a short distance, made a left-hand turn into the west lane. But, regardless of how the jury may have regarded the testimony, the evidence was sufficient to justify the jury in believing that when appellee started out he went diagonally across the highway and that appellant was guilty of negligence in not reducing her speed when she saw him enter the traveled portion of the highway.

Appellant next contends that the court erred in not granting her motion for a new trial, because there was an irreconcilable conflict between the jury's answers to Special Issues Nos. 8 and 22, and their answers to Special Issues Nos. 24 and 25.

The jury, by its answer to Special Issue No. 8, refused to find that appellant was driving her automobile at an excessive rate of speed immediately before the collision, but this finding cannot be taken as an affirmative finding that she was not driving at an excessive rate of speed. In answer to Special Issue No. 22, the jury refused to find that the failure of appellant to apply her brakes immediately before the collision was negligence, but neither can this be construed as an affirmative finding that she owed no duty to apply her brakes. These negative findings of the jury cannot be said to be in irreconcilable conflict with the affirmative findings made by the jury to Special Issues Nos. 24 and 25. These affirmative findings were that appellant was guilty of negligence in not decreasing her speed when she discovered the automobile driven by appellee entering the paved portion of the highway, and that such negligence was a proximate cause of the collision. The fact that the two sets of findings are inconsistent is not sufficient,

they must be in such irreconcilable conflict that one destroys the other and thereby makes it impossible to render judgment on the verdict so long as both stand. There is no such fatal conflict here. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

The jury's negative answers to Special Issues Nos. 8 and 22 do not require a judgment one way or the other, they simply indicate the failure of the appellee to establish a defense in the particulars inquired about, while the affirmative answers to Special Issues Nos. 24 and 25 do establish a defense of contributory negligence. Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; Howard v. Howard, Tex.Civ.App., 102 S.W.2d 473; Duplantis v. Martin, Tex.Civ.App., 266 S.W.2d 179; Hancock v. Sammons, Tex.Civ.App., 267 S.W.2d 252.

The judgment of the trial court is affirmed.