**Charles HOOPER, Appellant,**

v.

**Jack HOLT and wife, Annie Holt, Appellees.**

No. 7790.

Court of Civil Appeals of Texas.

Texarkana.

June 13, 1967.

Richard Granger, Ramey, Brelsford, Flock & Devereux, Tyler, for appellant.

Bascom Perkins, Russell & Perkins, Mt. Pleasant, for appellees.

CHADICK, Chief Justice.

This is an action for personal injury and property damage occasioned by a negligent automobile collision. The judgment of the trial court awarding the plaintiff damages is reversed and the cause remanded.

Twelfth and Hubbard Streets in Mount Pleasant cross at right angles. Twelfth is

21 feet 3 inches wide, and Hubbard, north of the intersection, is 15 feet wide, but south its width increases to 23 feet. No signs or traffic control devices regulate vehicular movement at the crossing. A house blocks the northward view of Hubbard Street to a motorist on Twelfth approaching Hubbard from the west until the vehicle is within 75 feet of the intersection. The house also blocks the westward view of Twelfth Street from a driver approaching the intersection from the north on Hubbard until the vehicle is within a like distance of the crossing.

At about 9:00 o'clock p. m., October 4, 1964, Mrs. Annie Holt was driving her Valiant automobile eastward on Twelfth at 25 to 30 miles per hour as she entered this intersection. A Chrysler driven by Charles Hooper was moving southward on Hubbard Street toward the intersection at the same time and both, according to an unquestioned jury finding, entered at approximately the same time. Both cars had headlamps lighted. The Valiant struck the Chrysler at its right rear door. No skidmarks were found after the collision, but the point of impact was ascertained to be south and out of the intersection, on Hubbard Street, indicating the Chrysler moved forward and leftward and the Valiant sharply to the right immediately before or as contact occurred.

Mrs. Holt as plaintiff proceeded in the trial on the theory that she entered the intersection in her proper traffic lane at the same time or in advance of Hooper's entry, but that Hooper negligently failed to yield the right of way and suddenly accelerated in an effort to cross the intersection in front of her. The trial judge granted Mrs. Holt's motion to disregard the jury's answers to a defensive "lookout" and a subsidiary "proximate cause" issue found against her. The consequence of these findings, if not set aside, would have been a judgment that her contributory negligence in failing to keep a lookout was a proximate cause of the collision and barred recovery. Judgment awarding her a recovery of damages was rendered, notwithstanding the verdict, in conformity with issues of primary negligence and proximate cause found against Hooper.

Disregard of the jury's finding on the mentioned "lookout" and "proximate cause" issues precipitated this appeal. The trial judge is authorized by Texas Rules of Civil Procedure, rule 301 (1956) to disregard a special issue jury finding that has no support in the evidence. One question to be determined is whether or not there is in the record probative evidence supporting the jury's verdict on the two issues when the proof is considered in its most favorable aspect.

Twelfth Street intersects Washington Street a block or more east of the Twelfth and Hubbard Street intersection. As Mrs. Holt approached the Hubbard Street crossing, she testified she was "looking ahead, because I knew I had to stop at Washington there, and then turn left on Washington." Further, referring to the Twelfth and Hubbard Street crossing, she said: "I got into the intersection and all of a sudden I saw the lights to the left * * * they appeared to be almost directly to my left, because I saw them all of a sudden. * * * I don't remember the car in front of me at all. All I remember was the lights to my left." Mrs. Holt's testimony that she was looking ahead, that she did not see Hooper's carlights until an instant before the collision, though it seems obvious that Hooper's car and its headlights would have been visible to her from the time she was within seventy-five feet of the intersection, (the light beams and reflections and flashes from them probably would have been visible when she was much further away), tends to support the jury's finding that she did not maintain the lookout required by ordinary care prior to and as she entered the intersection. The jury probably reasoned that she focused her interest on the Washington Street intersection and looked beyond and paid scant attention to the little used Hubbard Street crossing near at hand.

Initially this court was of the opinion that there were other factors to be considered that resolve the question in favor of the trial court's judgment. The previous opinion said, "The Holt Valiant and Hooper Chrysler entered the intersection at approximately the same time, Hooper's vehicle to the left of Mrs. Holt's. Hooper was required by law, Vernon's Ann.Tex.Rev.Civ. Stat. art. 6701b (1960), to yield the right of way to Mrs. Holt. At that juncture, entry of both vehicles as mentioned, Mrs. Holt was not required to anticipate that Hooper would negligently or unlawfully fail to yield her the right of way. Intges v. Dunn, 311 S.W.2d 877 (Tex.Civ.App. Houston 1958, writ ref'd n.r.e.); Texas & N.O.R. Co. v. Brannen, 140 Tex. 52, 166 S.W.2d 112 (Tex. Comm'n App. op. adopt. 1942; Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (Tex.Comm'n App. op. adopt. 1939). Although Mrs. Holt had the right of way, yet ordinary care required her to keep a proper lookout as she proceeded through the intersection. De Winne v. Allen, 154 Tex. 316, 277 S.W.2d 95 (Tex.1955). Having the right of way does not solve Mrs. Holt's negligence problem, but it does limit the reach of her conduct. Her duty to maintain a proper lookout was the duty of a person with the right of way under no obligation to anticipate Hooper's negligent or unlawful conduct; and her conduct, to be negligent, must have violated her duty." The remainder of the opinion was devoted to a demonstration that there was no evidence of probative value to support the jury finding that Mrs. Holt failed to keep a proper lookout.

In reaching the conclusion originally expressed, consideration and effect was given to the jury's finding that the Holt and Hooper vehicles entered the intersection at approximately the same time, the equivalent of a verdict that Mrs. Holt had the right of way through the intersection. However, appellant Hooper has steadfastly insisted that the jury's answer to the right of way issue may not be considered in determining whether or not the evidence supports the lookout issue. Hooper supports his argument by citing C. & R. Transport, Inc., v. Campbell, 406 S.W.2d 191 (Texas 1966), where evidence to support a lookout issue was under consideration, and the statement therein, to-wit:

"* * * Moreover, the court may not look to answers to other issues for the purpose of determining whether an answer to a particular issue has support in the evidence. T. & N.O.R. Co. v. Owens, Tex.Civ.App., 54 S.W.2d 848 (1932), writ refused; Davis v. Estes, Tex.Com.App., 44 S.W.2d 952 (1932); Jones v. Gibson, Tex.Civ.App., 18 S.W.2d 744 (1929), no writ history."

The excerpt appears to be dictum, as the Supreme Court did not rely upon the rule pronounced in reaching its decision. This court originally concluded that the jury's verdict on the right of way issue set the stage and gave dimensions to the correlative rights, duties and liabilities of the parties, and that the trial judge in framing his judgment might give effect to the right of way verdict and disregard the verdict on the lookout issue for reasons therein explained.

On more mature consideration, however, the conclusion is reached that the Supreme Court majority expressed an opinion (the quotation above) on a question directly involved in the case before it and deliberately declared the law on the proposition presented to it. Although the pronouncement may not have been necessary to its decision, it does constitute judicial dictum. Such declaration by the Supreme Court, if not binding, is in any event entitled to great weight in this court and should not be disregarded unless there is extraordinary reason for doing so. Such an extraordinary reason is not perceptible. The lookout issue found against Mrs. Holt is not immaterial and affects the legal significance of the jury's verdict on all the issues submitted; and when the proof is considered without regard to the right of way issue the conclusion is inescapable that some evidence supports the verdict. It can not be

disregarded. C. & R. Transport, Inc., supra; Rule 301 Tex.R.Civ.P.; 4 McDonald Texas Civil Practice, § 17.30–32.

The appellee briefs a cross-point that the jury's verdict on Mrs. Holt's lookout is against the overwhelming weight and preponderance of the evidence. A consideration of the entire factual record forces this court to sustain the point. Further, the ends of justice will be served by a remand of the case for a new trial. On such eventuality, if the facts are developed in substantial harmony with the present record, by appropriate instructions the jury should be advised that if Mrs. Holt is found to have the right of way she is under no duty to anticipate that the Hooper vehicle will negligently or unlawfully fail to yield it to her. The prior opinion is withdrawn and this filed in lieu of it. The judgment of the trial court is reversed and the case remanded.