John Wallace WINTERS, Appellant,

v.

Ben McCOWAN, d/b/a McCowan Sales Company, Appellee.

No. 7882.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 8, 1968.

Rehearing Denied Oct. 29, 1968.

Leslie R. Echols, Cornett, Flanary, Echols & Bailey, Paris, for appellant.

H. B. Harrison, Fisher, McLaughlin & Harrison, Paris, for appellee.

DAVIS, Justice.

A highway intersection collision case. The accident occurred at Loop 286 and U. S. Hwy. 271 north of Paris, Texas. Plaintiff-appellant was traveling north on U. S. Highway 271 in a Chevrolet pickup. Defendant-appellee's driver was traveling south on U. S. Highway 271 in a White truck-tractor pulling a van. The truck-tractor and van measured a little more than 49 feet in length.

Edward Gates was driving the pickup, Loyd Williams was riding in the center and appellant was riding on the extreme right. Harold Leon Hackler was driving the truck-tractor for appellee.

As the drivers approached a by-pass road that turns off Highway 271 and intersects Loop 286, appellee's driver, without giving any warning, turned the truck-tractor to his left, and into the path of the pickup. Hence, the accident.

The case was tried to a jury. All special issues were answered in favor of appellee, except three. They found appellant guilty of contributory negligence that was a proximate cause of the accident. Judgment was entered that appellant take nothing. He has perfected his appeal and brings forward three points of error.

By points one and two, appellant says the trial court erred in failing to grant him a new trial because the jury's answers to special issues Nos. 16 and 17 are "so against the great and overwhelming weight of the evidence as to be manifestly and clearly wrong and unjust." By special issues 15, 16, and 17, the jury found the driver of appellant did not timely apply his brakes on the pickup and turn to the right, that such act was negligence and a proximate cause of the collision. This writer is unable to find any evidence that the driver of the pickup "failed to timely apply his brakes and turn to the right". Some of the testimony will be quoted to show to the contrary. Mr. Gates, the driver of the pickup, testified as follows:

"Q. And at the time he got to the end of the island and shot the gas to it, about how far were you from him (the truck-tractor) at that time, approximately?

"A. Approximately twenty to twenty-five feet.

"Q. And what did you do when you saw him shoot the gas to it?

"A. I hit my brakes and turned to my right."

Appellant testified as follows:

"Q. What did Ed (Edward Gates) do, if anything, when he saw that the truck was going to come on?

"A. Well, Loyd hollered and said, 'Ed, he's not going to stop'.

"Q. Loyd Willliams?

"A. Loyd Williams hollered.

"Q. And what did Ed do?

"A. And whenever he done that he had done slowed down. He got on his brake and turned to the right."

＊ ＊ ＊ ＊ ＊ ＊

"Q. Well, let me ask you this? Now, the truck didn't drag the pickup sideways?

"A. Well, we were—we were going sideways the last I remember.

"Q. You were going sideways—

"A. Well—

"Q. —the truck

"A. —we were turning to the right.

"Q. Turning to the right?

"A. Turning, yeah."

\* \* \* \* \* \*

"Q. Now at this point, when Edward Gates saw this truck coming into this intersection, was there anything to prevent Edward Gates from turning to the right or applying his brakes at that point?

"A. He applied his brakes.

"Q. At this point?

"A. Well, he was a little closer than that."

\* \* \* \* \* \*

"Q. Now, at that point, was there anything to prevent Edward Gates from turning his vehicle on the loop to the right or applying his brakes?

"A. Well, he thought the truck was going to stop.

"Q. All right. Let's forget about what Mr. Gates thought.

"A. Well, you keep bringing it up, how're you going to forget it?"

\* \* \* \* \* \*

"Q. Well, Mr. Winters, can you answer the question yes or no? Was there anything to prevent Edward Gates, when he was at this point, from applying his brakes?

"A. He did apply his brakes."

Appellee, by cross-examination probably got the jury confused as to the place of the pickup when Gates first realized that the truck was not going to stop. The positive evidence shows the pickup was in the intersection of the crossing before the truck pulled out in front of the pickup. Appellee did not offer any positive proof that the driver of the pickup could have applied his brakes and turned to his right after the truck had pulled out in front of the pickup.

Appellee's driver testified as to the application of the brakes on the pickup, as follows:

"Q. Didn't put on his brakes?

"A. That I don't remember."

The verdict of the jury on special issues 16 and 17 are contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust. Hooper v. Holt (Tex.Civ.App.1967), 416 S.W.2d 916, N.W.H. The points are sustained.

Appellant's point 3 is without any merit and it is overruled.

The judgment of the trial court is reversed and the cause remanded.