J. C. ANDERSON, Appellant,

v.

Collin E. MOORE, Jr., Appellee.

No. 4316.

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Rehearing Denied June 20, 1969.

**426**

Wright & Barber, William A. Barber, Jr., Grand Prairie, for appellant.

Don Campbell, Dallas, Strasburger, Price, Kelton, Miller & Martin, John H. Hall, Dallas, for appellee.

WALTER, Justice.

J. C. Anderson filed suit against Collin Emmett Moore, Jr., and Billy Self and wife for damages as a result of a three car collision. Anderson settled with the Selfs and his cause of action against them was severed. At the close of the plaintiff's case against Moore, the court granted the defendant's motion for an instructed verdict and judgment was rendered against the plaintiff. The plaintiff has appealed.

Anderson pleaded that Moore was negligent in operating his car at an excessive rate of speed under the circumstances, in failing to keep a proper lookout, in failing to timely apply his brakes, following too closely, failing to turn to the right, failing to control his speed, failing to properly apply his brakes and reduce his speed while approaching a hill crest.

Immediately prior to the collision, Moore, accompanied by his wife and two children, was traveling east at about 45 miles per hour in a seventy mile zone about four o'clock in the afternoon. Mrs. Self had driven her car upon the highway from a road near the bottom of the hill. She approached the highway from the north and proceeded east on the highway a short distance and was in the process of turning to her right on the Milligan road when she was struck by Moore. Moore's car continued east, but it was turned around and the rear end was proceeding east down the highway. The rear end of his car collided with Anderson's car which was traveling west on the highway.

Considering the testimony in the light most favorable to the appellant, disregarding conflicts in the testimony and indulging every intendment reasonably deducible from the evidence in favor of the appellant, as we are required to do under Air Conditioning, Inc., v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422 (1952), cited by appellant, we are unable to find any evidence of probative force on any negligent issue which might have been a proximate cause of the collision.

The judgment is affirmed.