**J. C. ANDERSON, Petitioner,**

**v.**

**Collin Emmett MOORE, Jr., Respondent.**

**No. B–1657.**

Supreme Court of Texas.

Dec. 3, 1969.

Wright & Barber, Will Barber, Grand Prairie, for petitioner.

Akin, Vial, Hamilton, Koch & Tubb, Don Campbell, Dallas, for respondent.

CALVERT, Chief Justice.

In this suit by J. C. Anderson against Collin Emmett Moore, Jr. and Billy Self and his wife for damages suffered as a result of an automobile collision, in which there was a settlement and a severance as to Self and wife, the trial court instructed a verdict in favor of defendant, Moore, and, as to such defendant, rendered judgment that plaintiff take nothing, and that Moore take nothing in a third-party action for indemnity or contribution against Self. Anderson appealed. The Court of Civil Appeals affirmed. 442 S.W.2d 425. We reverse the judgments of the courts below and remand the cause to the trial court for trial.

The only question to be decided is whether there is in the record evidence of probative force that Moore was guilty of any negligent act or omission which was a proximate cause of the collision of his automobile with Anderson's automobile. If so, the trial court erred in instructing a verdict for Moore and in thus taking the case from the jury. In deciding the question, we will honor the rule that the evidence is to be considered in its most favorable light in support of the plaintiff's case. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953).

Moore was traveling in an easterly direction on a State highway in Collin County, and Anderson was traveling in the opposite direction on the same highway, when the collision occurred. As Moore crested a high point in the highway and started his descent to a lower elevation, Mrs. Self drove her automobile from a store driveway on the north side of the highway into Moore's traffic lane with the intention of traveling only a short distance to the East before turning to her right (to the South) into Milligan Road. After

Mrs. Self entered his traffic lane, Moore applied his brakes, went into a side-spin slide, struck the rear of the Self automobile, spun across the highway and struck the Anderson automobile which had been driven onto the north shoulder of the highway to avoid being hit.

Anderson alleged that Moore was guilty of several negligent acts and omissions, each of which was alleged to be a proximate cause of the collision. Among the acts or omissions alleged, were, (1) operating his automobile at an excessive rate of speed, and (2) failing "to timely apply his brakes." We are of the opinion that there is in the record evidence of probative force which would support a reasonable inference that Moore's conduct on the occasion in question was negligent in each of the two respects noted and that each of such negligent acts or omissions was a proximate cause of the collision and of Anderson's damages.

Evidence of facts and circumstances surrounding the collision consisted of testimony of Anderson and Moore and photographs of the area. From this evidence a jury could reasonably believe and conclude that Moore was some 450 to 600 feet distant when Mrs. Self's automobile started moving from the north side of the highway into his lane of traffic; that a reasonably prudent person exercising ordinary care for his own safety and the safety of others using the highway would have reduced his speed and applied his brakes immediately upon seeing Mrs. Self, and would have kept his brakes on until the developing situation was clarified, but that Moore "bumped them (brakes) a couple of times," then stepped on the gas, and then put on his brakes; that the side-spin slide of Moore's car was caused by a sudden application of the brakes while the car was traveling at an excessive rate of speed, the excessive speed being further evidenced by the fact that when the brakes were applied the car went out of control, struck the rear of Mrs. Self's vehicle, and then caromed down the wrong side of the highway and onto the north shoulder where it struck Anderson's car with such force as to knock it into a ravine and demolish it. Moore repeatedly testified that he did not know at what speed he was traveling, and his subsequent estimate that before the collision he was traveling at a speed of 45 to 50 miles per hour was not binding on Anderson and would not be binding on a jury. But even if the estimate were accepted, a jury could reasonably conclude that a speed of 45 to 50 miles per hour was excessive under all the existing facts and circumstances.

On the basis of the evidence here summarized, a jury could reasonably conclude and find that Moore was negligent in the respects heretofore mentioned and that each of such negligent acts and omissions was a proximate cause of the collision. It follows that the trial court erred in instructing a verdict for the defendant, and the Court of Civil Appeals erred in affirming the trial court's judgment.

We are not to be understood as holding that there is no evidence of other alleged negligent acts or omissions which were proximate causes of the collision. And, of course, we cannot know what the evidence will be on another trial.

Moore has not questioned the take-nothing judgment rendered against him in his suit against Self, and that judgment is left undisturbed. The judgments of the Court of Civil Appeals and the trial court decreeing that Anderson take nothing against Moore are reversed and the cause is remanded to the trial court.