R. C. SMITH, Jr., Appellant,

v.

TEXAS PIPELINE COMPANY, Appellee.

No. 545.

Court of Civil Appeals of Texas,
Corpus Christi.

May 28, 1970.

Rehearing Denied June 18, 1970.

W. Arthur Combs, Houston, for appellant.

Jack Salyer, Bay City, Vaughan O. Stewart, Angleton, for appellee.

## OPINION

GREEN, Chief Justice.

This is a personal injury suit brought by appellant R. C. Smith, Jr., to recover damages from appellee Texas Pipeline Company sustained when appellant's automobile was in a collision with appellee's pickup truck being driven by appellee's employee Walker within the scope of his employment. The jury found Walker guilty of negligence proximately causing the accident in failing to keep a proper lookout, in failing to give a left turn signal, in attempting to turn to the left immediately before the collision, and in attempting to make a left turn when same could not be made with safety. The jury also found appellant Smith guilty of negligence proximately causing the accident in failing to keep a proper lookout (Issues 11–12), in failing to "honk" his horn immediately before the accident (18, 19, 20) and in failing to make proper application of his brakes (21, 22).

After the return of the verdict, appellant, who had duly objected to all issues on contributory negligence, filed a motion to disregard the findings of contributory negligence, and to render judgment for the appellant for the damages as found by the jury notwithstanding such findings. The basis alleged by appellant for such motion was that the contributory negligence findings should be disregarded (1) because appellant was not required as a matter of law to anticipate that the driver of appellee's truck would violate the law, and (2) because the answers to such issues (11, 12, 18, 19, 20, 21, 22) were without support in the evidence. Appellant also contended that such findings were against the great weight and preponderance of the evidence. This motion was overruled and the motion of appellee for judgment on the verdict was sustained. A take-nothing judgment was entered.

Appellant filed no motion for new trial, and this appeal is based on the alleged errors of the trial court in overruling appellant's motion to disregard jury findings and enter judgment for appellant. Rule 324, Texas Rules of Civil Procedure.

The statement of facts is abbreviated, and since no attack is made by either party concerning damages as found by the jury, practically all medical testimony has been omitted. Counsel for both parties agreed that "such abbreviated statement of facts, including such portions of the exhibits as attached hereto, only, may be filed among the papers of this cause as the official statement of facts therein." In view of such agreement, we consider the abbreviated statement of facts to comply with the provisions of Rule 377(b). Englander Co. Inc. v. Kennedy, Tex.Sup., 428 S.W.2d 806.

At approximately 11:00 o'clock a. m. on December 18, 1967, appellee's employee Walker was operating appellee's pickup truck going in an easterly direction on Highway 35 toward the town of West Columbia. It was his intention to go to appellee's pumping station located on his left, i. e. the north side of the highway, near the Sugar Valley community. As he got near the entrance to the pumping station, he stopped his car off the main highway with the two left wheels on the south paved shoulder in order to permit other vehicles on the road to pass. When he thought the road was clear, he drove onto the highway and after proceeding a very short distance began to turn to his left to cross the highway and get to the pump-

ing station. He gave no signal of his intention to cross the highway.

At about this time, appellant was driving his station wagon on this same highway, also in an easterly direction, approaching from behind Walker at a rate of speed of from 60–65 m. p. h. There was good visibility, the weather was clear and dry, and the surface of the road was dry. When appellant came out of a curve in the road and straightened out about one-half mile from the pumping station, he saw the pickup truck parked on the shoulder. Shortly thereafter, he noticed the truck start in motion, and thought it was going to proceed on down the road in an easterly direction. As appellant was driving toward the truck, another car driven by E. O. O'Donnell was approaching from the east and driving to the west. O'Donnell testified that he was about 800 or 1000 feet east of the truck when he first saw it on the south shoulder. He was driving about 50 or 55 m. p. h. At the time he first saw the truck, he also saw appellant's station wagon some distance away. The pickup began moving forward on the shoulder in an easterly direction for a short distance partly on the shoulder and partly on the road when O'Donnell was about 800 feet away, and O'Donnell testified that as the truck got onto the highway he thought it was going to proceed easterly. Having seen the station wagon coming toward him, O'Donnell reduced his speed and drove on to the shoulder to give it room to pass. The collision occurred just after O'Donnell had met and passed both vehicles, and about six or seven seconds (estimate) after the truck began to move.

The evidence shows that the truck did not cross the center line and that the collision occurred in appellant's and appellee's right hand, being the east bound, lane of traffic. Appellant did not apply his brakes or sound his horn before the

collision. Just after O'Donnell had passed, and as the truck was nearing the center stripe, Walker became aware of the approach of the station wagon and attempted to turn to his right. He was too late. The front end of the station wagon collided with the left side of the truck, causing the truck to turn over in its lane. Appellant suffered severe damages, which he seeks to recover in this suit.

In his first two points and his statement and argument thereunder, appellant asserts that the evidence established *as a matter of law* that he was under no legal duty to foresee or anticipate that appellee's pickup truck would attempt to cross the highway in front of his oncoming car without warning or notice, and without having first ascertained that the way was clear for him to do so. Appellant states in his brief:

"The multiple findings of negligence on the part of Appellee's agent; the aggravated character of that negligence; and the multiple violations of state traffic regulations, all raise the issue of whether, *as a matter of law,* Appellant had any duty to foresee such conduct. If Appellant had no duty to foresee, the jury's findings on Special Issues 11, 12, 18, 19, 20, 21 and 22 [1] must be disregarded. A refusal to disregard these findings is equivalent to a judicial decision that Appellant *did* have a duty to foresee the Appellee's conduct, since, absent such duty, there can be no 'proximate cause', as that term is defined in law and in charge. The issue of law before this Court, on this appeal, is whether Appellant did or did not have the duty to foresee Appellee's conduct. * * * "

Appellant's third, fourth and fifth points assert "no evidence" to support the findings of contributory negligence.

1. The contributory negligence issues, wherein the jury found that the appellant failed to keep a proper lookout, failed to honk his horn, and failed to make proper application of his brakes, and that each such failure was negligence and a proximate cause of the accident.

In passing upon his first five points of error we shall be guided by the rule that the evidence and reasonable inferences shall be considered in the most favorable light in support of appellee's position, and of the jury's findings, and that all evidence and inferences to the contrary should be disregarded. Anderson v. Moore, Tex. Sup., 448 S.W.2d 105; Garza v. Alviar, Tex.Sup., 395 S.W.2d 821.

Appellant in his argument under his "no duty" and "no evidence" points asks us to give consideration to answers of the jury to other special issues wherein the jury found appellee's truck driver guilty of certain acts of negligence proximately causing the accident. We shall, however, observe the rule that a court may not look to answers to other issues for the purpose of determining whether an answer to a particular issue has support in the evidence. C. & R. Transport, Inc. v. Campbell, Tex.Sup., 406 S.W.2d 191, 195; Enloe v. Barfield, Tex.Sup., 422 S.W.2d 905. We hold that this same rule applies equally to "no duty" points.

The reply to appellant's "no duty" points as to the facts of this case is the well established rule that although one may not be required to anticipate negligent or unlawful conduct on the part of another, neither is he entitled to close his eyes to that which was plainly visible and which would have been observed by a person of ordinary prudence similarly situated. Lynch v. Ricketts, Tex.Sup., 314 S.W.2d 273; DeWinne v. Allen, 154 Tex. 316, 277 S.W.2d 95; McIlroy v. Wagley, Tex.Civ. App., 437 S.W.2d 5, p. 14, wr. ref. n. r. e.; Goates v. Fortune Lincoln Mercury, Inc., Tex.Civ.App., 446 S.W.2d 913, wr. ref. n. r. e.

The true issue raised by appellant on this appeal is whether there is in the record evidence of probative force that would support a reasonable inference that appellant's conduct on the occasion in question was negligent in either of the three respects found by the jury, and whether there was evidence that either of such negligent acts or omissions was a proximate cause of the collision in question. Anderson v. Moore, supra, 448 S.W.2d p. 106. We find that there was such evidence as to each of the jury findings as are here under attack.

Appellant cites a number of cases holding that under the facts of those cases the plaintiff owed to the defendant no duty to anticipate defendant's unlawful and negligent conduct, and that the facts in evidence did not support findings of negligence of plaintiff and proximate cause. Minugh v. Royal Crown Bottling Co., Tex.Civ.App., 267 S.W.2d 861, wr. ref.; Kaufman v. Miller, Tex.Civ.App., 405 S.W.2d 820, rev. by Sup.Ct. on other grounds, 414 S.W.2d 164; Hooper v. Holt, Tex.Civ.App., 416 S.W.2d 916, n. w. h.; Strange v. Colvin, Tex.Civ.App., 429 S.W. 2d 954, n. w. h.; Salcido v. Bates, Tex. Civ.App., 436 S.W.2d 934, wr. ref. n. r. e. We have examined these authorities, and have no quarrel with the holdings made on the facts and evidence of each such case. We do not find them controlling of our fact situation, particularly when we apply the rule that we are required to consider only such evidence and the reasonable inferences as may be favorable to defendant's case, and to the findings of the jury, and disregard all evidence and inferences to the contrary. Garza v. Alviar, Tex. Sup., supra.

Appellant lays special stress on *Minugh,* supra, as being a case very similar to the present one. In *Minugh,* the plaintiff was traveling west in the inside lane of a four lane divided highway. Defendant was also traveling west, and was in the outside lane just ahead of plaintiff. As plaintiff increased his speed to get ahead of defendant, the latter suddenly and without notice or giving a signal drove from the outside or right hand lane into the path of plaintiff, and a collision resulted. The jury found several acts of negligence against defendant, and also found that plaintiff was negligent proximately causing

the accident in passing within 100 feet of an intersection. The court held that under the facts of that case, the plaintiff was not required to anticipate the unlawful conduct of defendant in cutting directly into his lane, and reversed the take-nothing judgment and rendered for the plaintiff.

In the present case, there was probative evidence that appellee's truck began its forward movement onto the highway when appellant's car was 800 feet away, and that appellant observed its movement shortly thereafter. O'Donnell, driving west, saw the truck as it moved forward, and also observed appellant coming toward him, and had time to reduce his speed and drive onto his right (north) shoulder. He estimated that six or seven seconds passed between the time the pickup started and the collision. At 60 m. p. h., a vehicle travels 88 feet per second. In seven seconds, appellant's car, at the rate of 60 m. p. h., which is a reasonable deduction from the evidence of his speed, traveled 616 feet. There is no estimate of the forward distance traveled by Walker before making his turn to the left. It is a reasonable deduction from the evidence that appellant was observing the movement of the truck as appellant traveled that distance (616 feet) or more and that somewhere within that distance, appellant decided to pass the truck while O'Donnell's car was on the shoulder. The plaintiff in *Minugh* had no notice of defendant's movement from the outer to the inside lane, which fact was noted in the opinion, also by Chief Justice Murray, written about nine months later, in Rutowsky v. Mueller, Tex.Civ.App., 274 S.W.2d 862, n. w. h. It is also important to note that although appellant testified that he did not apply his brakes, and did not sound his horn, and that he was attempting to pass the truck, the collision took place entirely in the right hand, east bound lane. Under such conditions, it is not unreasonable to believe that the collision would have occurred even if appellee had not turned his car somewhat to the left with the intent to enter and cross the

left lane. It is a reasonable inference that had plaintiff sounded his horn, Walker would have had more opportunity to pull back further in his lane, and that the accident would not have happened. Walker testified that he did not know the station wagon was behind him until just before the collision, and that he would not have made the turn to his left if he had known the car was there.

A case more nearly in point is *Rutowsky,* supra. Plaintiff was driving her car in day time headed north. The weather was clear and the road was dry. Plaintiff was operating her car with due caution at a lawful rate of speed in her right hand lane when she observed defendant's car parked ahead of her on the east, or right shoulder. As she got about 200 yards (600 feet as in our case) from the car, she observed it beginning to move onto the paved portion of the highway. The roadway was clear of approaching vehicles. Plaintiff *sounded her horn,* and *turned her vehicle into the left hand or west traffic lane* to pass defendant's car on its left side. After she had turned into that lane, defendant's car proceeded diagonally across the left or west lane directly in front of plaintiff, and the collision occurred near the west edge of the pavement. The defendant there, as in our case, gave no signal of his intention to cross into the left lane. The jury found that the defendant failed to keep a proper lookout and failed to give a signal of his intention to pull out into the highway, and that each failure was a proximate cause. They also found that plaintiff was negligent in failing to decrease her speed, and proximate cause. Plaintiff appealed from a take-nothing judgment asserting "no evidence" as well as factually insufficient evidence to support the jury's finding of contributory negligence. The same appellate court which had just a few months before written the opinion in *Minugh,* supra, with the same justice writing the opinion, affirmed the take-nothing judgment. The court acknowledged that the plaintiff was not

obligated to anticipate the defendant's negligence, but, in distinguishing the two cases, held that plaintiff still had a duty to exercise ordinary care, and that a fact issue of such was raised by the evidence.

In Anderson v. Moore, Tex.Sup., 448 S.W.2d 105, the court held, in a case similar in principle to the instant case, that a driver with the apparent right of way must exercise ordinary care, and when under the facts of that case such driver has as much as 450 feet in which to take evasive action, a question of fact arises with reference to the proper application of the brakes, and the jury is to decide whether ordinary care was used. The fact issue in that case concerned the negligence of the defendant, and the court reversed and remanded for trial an instructed verdict for defendant.

■ Considering the evidence from the standpoint most favorable to appellee's case and the jury findings, and especially taking into account that the evidence justifies the reasonable conclusions that appellant saw the truck from one-half mile back, that he observed it start to move at least 600 feet back, that the truck moved forward before making any turn toward the left, that appellant failed to take any evasive action, did not blow his horn or in any way apply his brakes, that O'Donnell recognized the situation that was developing and moved to the right shoulder, that the collision occurred in appellant's and appellee's right hand lane, to the right of the centerline, we believe and hold that there was probative evidence to justify the submission to the jury of the contributory negligence issues, and that the jury's findings thereon were supported by evidence.

Appellant's first five points of error are overruled.

■ Appellant's 6th, 7th and 8th points assert that the jury's findings of contributory negligence were against the great weight and preponderance of the evidence. Although appellant's motion to render judgment for appellant notwithstanding such unfavorable findings did assert such factual insufficiency, we are of the opinion and hold that an attack on the overruling of a motion for judgment n. o. v. must consist of "no evidence" or law points as opposed to factual insufficiency points, and that the latter in order to be considered on appeal must be raised in a motion for new trial. Shelton v. Ector, Tex.Civ. App., 364 S.W.2d 425, n. w. h., and authorities there cited.

■ The motion filed by appellant in the trial court did not seek a new trial, but sought exclusively that certain jury answers be disregarded and that a judgment be entered for appellant. It was not a motion for new trial, and did not ask for a new trial. Walker v. S & T Truck Lines, Inc., Tex.Civ.App., 409 S.W.2d 942, wr. ref. Rule 301 provides that a judgment n. o. v. may be rendered "if a directed verdict would have been proper." A directed verdict is not justified because of factual insufficiency of the evidence. A factual insufficiency point to be effective must be raised in a motion for new trial. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error. 38 Tex.Law Review 361, 365. In Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, 890, the Court held that where appellant appealed from an order denying his motion for judgment n. o. v., "he may complain on appeal only of the denial of the motion non obstante veredicto."

Since appellant's factual insufficiency points were not raised in a motion for new trial, we hold that they are not before us for consideration. Appellate Procedure in Texas, § 8.4(2).

Judgment affirmed.