Thomas P. HILL, Appellant,

v.

Burl C. WALKER, Appellee.

No. 4455.

Court of Civil Appeals of Texas, Eastland.

Feb. 25, 1972.

Rehearing Denied March 17, 1972.

Nelson, Sherrod, Carter & Oldham, Eugene Sherrod, Jr., Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

This is an automobile collision case. Nicki Walker, a minor, by and through her father Burl C. Walker as next friend, and Burl C. Walker individually, sued Thomas P. Hill alleging a cause of action for damages resulting from the negligent conduct of Hill. The defendant, Hill, alleged that negligent acts of Nicki Walker proximately caused the collision. The jury found that the defendant violated Article 6701d, Sec. 73, Vernon's Ann.Civ.St., in that he entered an intersection controlled by a stop sign when the vehicle driven by Nicki Walker was within the intersection or approaching so closely as to constitute an immediate hazard. The proximate cause issue was answered against the defendant. The jury also found that Hill failed to keep a proper lookout and that such failure was a proximate cause. The jury found that plaintiff, Nicki Walker, failed to keep a proper lookout on the occasion in question; that such failure was a proximate cause; that at the time she entered the intersection she was confronted with an emergency; and, that such emergency was a proximate cause. Emergency was defined as a "condition which arises suddenly and unexpectedly, requiring immediate action without time for deliberation, and not proximately caused by the negligence" of Nicki Walker.

Both parties moved for judgment on the verdict and in the alternative for judgment non obstante veredicto. The trial court held that the answers to Special Issues 12 and 13 should be disregarded because such answers were contrary to the undisputed evidence and entered judgment for the plaintiffs. Thomas P. Hill has appealed. We reverse and remand.

The jury found in answer to Special Issues 12 and 13 that appellee, Nicki Walker, failed to keep a proper lookout and that such failure was a proximate cause of the collision.

The appellant, Thomas P. Hill, contends that there is some evidence to support these findings by the jury and that the trial court erred in disregarding such findings and entering judgment for appellees.

Appellees argue first that the trial court properly disregarded the answers to Special Issues 12 and 13 because there is no evidence to support such answers and by cross-points appellees assert that such findings were contrary to the great weight and preponderance of the evidence. Appellees also argue by cross-point that the findings by the jury that appellee, Nicki Walker, failed to keep a proper lookout and that she was acting in a sudden emergency constitute an irreconcilable conflict.

The accident occurred at the intersection of two paved streets in the City of Wichita Falls. Nicki Walker was traveling in a westerly direction and Thomas P. Hill was traveling in a northerly direction. Hill was faced with a stop sign.

The appellee, Nicki Walker, testified that she could not say for sure that the car driven by Hill did or did not stop before entering the intersection; that to the best of her knowledge it did not stop; that she

was about three or four car lengths from the intersection when she first saw the Hill car; that he was about the same distance; that it looked like they were both going the same speed; that it looked like he was slowing down and then by the time she was in the middle of the intersection he came on through and hit her broadside.

Linda Holstead, a passenger in the Walker car, testified on direct examination that there was no stop sign facing the car she was in; that the Hill car faced a stop sign; that she saw the Hill car as they approached the intersection; that he did not stop but came on through the stop sign. On cross examination she stated:

"Q But you think he was going thirty miles an hour right through that stop sign; is that right?

A Yes, sir.

Q Well, you knew he couldn't stop if he was going thirty miles an hour and heading right into the intersection; didn't you?

A I didn't really think about it.

Q And certainly Nicki Walker had an equal opportunity to see him that you did; didn't she?

A Well, yes, sir.

Q And that she saw a car coming thirty miles an hour right into her; did she apply her brakes?

A I don't know.

Q Did she turn to the right?

A I don't know."

Appellant, Thomas P. Hill, testified that he stopped at the stop sign; that after he stopped he never looked back to his right; that the reason he didn't yield the right of way was because he didn't see the Walker car; that the front of his car hit her broadside; that he saw the Walker car for the first time approximately one second before he hit it.

We must look only to the favorable evidence, and disregard all other in determining if there is any probative evidence to support the finding of the jury to Special Issues 12 and 13 which were disregarded by the trial court.

The jury may have reasoned from the testimony of Linda Holstead that, because of the speed and position of appellant's vehicle as it approached and entered the intersection, it should have been apparent to anyone exercising ordinary care that appellant was not going to stop in obedience to the sign. There was nothing to obstruct the vision of Nicki Walker. She could not swear that Hill did or did not stop before entering the intersection. Thus, we cannot say that there is no evidence to support the answers of the jury to Special Issues 12 and 13. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958).

However, after carefully reviewing the entire record, we sustain appellees' cross-points four and five, and hold that the answers to Special Issues 12 and 13 are contrary to the great weight and preponderance of the evidence and we reverse and remand the case for retrial. Hooper v. Holt, 416 S.W.2d 916 (Tex.Civ.App. 1967, no writ hist.).

Also, the case should be reversed and remanded because we think an irreconcilable conflict exists between the finding of the jury that appellee, Nicki Walker, failed to keep a proper lookout and the finding that she was acting in an emergency. Del Bosque v. Heitmann Bering-Cortes Company, 474 S.W.2d 450 (Tex.Sup.1971).

This case was tried before Yarborough v. Berner, 467 S.W.2d 188 (Tex.Sup.1971) was decided by our Supreme Court. Conflicting jury answers should not reoccur upon retrial of the case if sudden emergency is submitted to the jury by proper explanatory instruction.

The judgment of the trial court is reversed and the case is remanded for retrial.

**124**

## ON MOTIONS FOR REHEARING.

 Both parties have filed motions for rehearing. Appellant, Thomas P. Hill, argues that appellees' cross-points four and five were waived because appellees failed to properly brief such cross-points in accordance with Rules 324 and 420, Texas Rules of Civil Procedure. We disagree.

The thrust of appellees' brief is directed to their contention that there was no evidence, as opposed to such evidence being contrary to the great weight and preponderance, that Nicki Walker failed to keep a proper lookout and that such failure was a proximate cause of the collision in question. However, the brief contains the statement that cross-points four and five (contrary to the great weight and preponderance of the evidence points) are adequately supported by the argument under counterpoints one and two (no evidence points) and "hence the argument will not be repeated".

In view of Rule 422, T.R.C.P., which states that briefing rules are to be liberally construed, we overrule appellant's contention. Also, we hold that appellees did not waive their cross-point number six which stated that an irreconcilable conflict exists between the finding of the jury that appellee, Nicki Walker, failed to keep a proper lookout and the finding that she was acting in an emergency. Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985 (1949).

 Appellant further contends that the trial court erred in refusing his requested issues as to whether or not, following the original impact between the vehicles, Nicki Walker's conduct, in thereafter turning her car sharply to the left was a negligent act proximately causing her car to upset, from which she sustained all or a part of her personal injuries. The court's charge restricted the jury to damages proximately resulting from the negligence of appellant. We are of the opinion the court did not commit reversible error in refusing to submit the tendered issues. Rule 434, T.R. C.P.

We find nothing in the record to cause us to change the judgment heretofore entered. The motions for rehearing of appellant and appellee are overruled.