Beatrice HENDERSON et al., Appellants,

v.

TRAVELERS INSURANCE
COMPANY, Appellee.

No. 7789.

Court of Civil Appeals of Texas,
Beaumont.

Jan. 22, 1976.

Rehearing Denied Feb. 12, 1976.

James Mehaffy, Jr., Beaumont, for appellants.

John G. Bissell, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit for death benefits under the workmen's compensation law. The trial court instructed a verdict for defendant at the close of plaintiff's evidence. The parties will be referred to here as they were in the trial court.

It was stipulated that Owen Henderson died at the Texaco Port Arthur Refinery on the premises, after having worked his regular shift. The evidence shows Henderson came to work at 7:30 in the morning to begin that shift. An autopsy was performed by a doctor who testified that the probable cause of Henderson's death was cardiac arrhythmia which is irregularity in the action of the heart, producing inadequate flow of blood to the heart itself. In answer to a hypothetical question, a second doctor testified that, based upon the history given to him and the autopsy protocol, in his opinion in reasonable medical probability Henderson's work activities on the day in question could be a producing cause of his death. The hypothetical question asked the doctor to assume that Henderson had been involved in his regular work for eight hours before his death, which work involved some physical activity in operating an air hoist and greasing some bolts. The question further assumed that operating the air hoist and greasing the bolts were things which did not involve great physical stress, but did involve a moderate amount of physical movement. Two witnesses testified that Henderson's job was running an air hoist or an air tugger, and as to the mechanics of that operation.

Plaintiff's points of error are to the effect that the trial court erred in granting defendant's motion for an instructed verdict, because the evidence raised fact issues. We proceed to follow the long established rules laid down for us by our Supreme Court in passing upon "instructed verdict" cases. Our task is to determine whether

there is evidence of probative force to raise fact issues on the material questions presented. We consider the evidence in the most favorable light in support of the plaintiff's case. *Anderson v. Moore,* 448 S.W.2d 105 (Tex.1969).

The case before us is controlled by the most recent Supreme Court case dealing with a death claim under the workmen's compensation law, resulting from a heart attack, *Baird v. Texas Employers' Insurance Association,* 495 S.W.2d 207 (Tex. 1973); and *Whitaker v. General Insurance Company of America,* 461 S.W.2d 148 (Tex. Civ.App., Dallas 1970, writ ref'd n. r. e.).

In the *Whitaker* Case, supra, these statements are made at 151 and 152:

"However, it is equally well settled that the compensation law does not provide for health insurance but is designed purposefully to compensate an employee for incapacity flowing from an accidental personal injury while engaged in the performance of his employment. The mere fact that an employee dies while on the premises of his employer, and during working hours, is not sufficient. It is incumbent upon one seeking to recover death benefits under the law to prove that the deceased sustained an injury which caused or contributed to cause the death.

"It is also true that a strain or exertion may be accidental injury within the meaning of the workmen's compensation law. [Cases cited.] However, again it must be noted that it is incumbent upon the one seeking recovery to establish by probative evidence that the employee did actually sustain a strain or exertion which would amount to a compensable injury within the meaning of the statute."

In the *Baird* Case, supra, the burden imposed upon a plaintiff in a "heart-attack" case is clearly stated. The record must present issues of fact with respect to whether the deceased suffered strain or exertion while at work, and if he did, its adverse effect. We have carefully searched the record before us and find no evidence, either direct or circumstantial that raised an issue as to Henderson suffering any strain or exertion while at work. In fact, to paraphrase a statement made in *Whitaker,* supra, there is no evidence that Henderson performed any kind of work on the date of his death. See also *Houston Fire & Casualty Ins. Co. v. Biber,* 146 S.W.2d 442 (Tex.Civ.App., San Antonio 1940, writ dism'd judgmt. cor.). In addition, we have serious doubts that the medical evidence as set out above, raises a fact issue as to whether in reasonable medical probability, Henderson's heart attack and death resulted from an injury.

Judgment affirmed.